OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, with costs to abide the event, and a new trial granted.
Defendant New York City, by this Court’s grant of leave, appeals from an order affirming a money judgment in favor of plaintiff. Plaintiff was a passenger in a civilian vehicle which crashed in The Bronx after a high-speed police chase. Plaintiff’s driver was killed and plaintiff was seriously injured. The dispositive issue among those advanced by the City is whether, under the evidentiary facts and liability theories of this case, it was entitled to its requested instruction to the jury on superseding proximate cause.
The incident and accident occurred at 3:30 a.m. on November 22, 1981. Two police officers in a marked patrol car observed and approached a car with its lights off which was cruising past a warehouse. The evidence is disputed as to what was said among the officers, plaintiff and his driver at the time of the initial police approach. After an ethnic slur claimed to have been uttered by one officer to the occupants in plaintiff’s car, plaintiff’s car suddenly and immediately sped away, in the opposite direction from the patrol car, through red lights and at speeds up to 84 miles per hour through a residential area with a 30 miles per hour speed limit. The *920 police testified that they lost sight of the car within a minute. Within two minutes after fleeing from the police, the vehicle in which plaintiff was a passenger careened off a curve as it approached the Cross Bronx Expressway and hit a tree. The judgment, reflecting the jury’s verdict and findings against the City, was affirmed by the Appellate Division.
The issue of causation is generally resolved by the fact finder (Kriz v Schum, 75 NY2d 25; Derdiarian v Felix Contr. Corp., 51 NY2d 308). The City’s argument that the reckless conduct of the driver of plaintiff’s car was the sole, superseding cause of the accident as a matter of law is therefore unavailing on this record and under traditional review standards, and there should not be a dismissal of the complaint and action.
However, the City’s argument that it was entitled to its requested instruction on superseding causation has merit on the evidence and theories of this case. If the jury disbelieved even parts of plaintiff’s version of the events leading up to the crash, or if it gave greater credence to defendant’s evidence— or some combination of the two — then, with proper guidance on the corollary principle of law, namely, superseding causation, the jury could have concluded as a matter of fact that the defendant City was relieved of proximate and concurrent responsibility for plaintiff’s injuries because of plaintiff’s driver’s unforeseeable, separable act of sudden, highly dangerous, independently driven flight (see, Kriz v Schum, 75 NY2d 25, 35, supra; Kush v City of Buffalo, 59 NY2d 26, 33; see also, PJI 2:72, 1 NY PJI2d, at 212-215). The entire set and degree of interwoven circumstances, including .the time of the accident and its manner and nature, bring this case within entitlement to the requested instruction. The trial court’s error in this respect directly prejudiced defendant City and affected essential prongs of plaintiff’s and defendant’s theories of the case, as delivered in the over-all jury instructions. Thus, there should be a new trial.
Inasmuch as there will be further proceedings on this case, we also note our agreement with the defendant City’s argument that plaintiff’s inadequate-lighting-of-the-road predicate for imposing liability should have been dismissed as a matter of law. There was no evidence presented from which the jury could have inferred that the City had any notice of the claimed defect or that it was a proximate cause of this accident.
*921 Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur in memorandum.
Order reversed, etc.