James R. MEDEIROS, Plaintiff,

v.

TOWN OF SOUTH KINGSTOWN, Alan Lord, in His Official Capacity as Treasurer of the Town of South Kingstown, Vincent Vespia, Jr., Individually and as Chief of Police for the Town of South Kingstown and Michael J. Picard, Individually and as a Police Officer for the Town of South Kingstown, Defendants.

Civ. A. No. 92–0386L.

United States District Court, D. Rhode Island.

May 21, 1993.

Jacques J. Parenteau, Greenberg, Parenteau and Geraghty, P.C., New Londong, CT, James J. Mullen, Barrington, RI, for plaintiff.

Marc Desisto, Keith B. Kyle, Providence, RI, for defendants.

## MEMORANDUM AND ORDER

LAGUEUX, Chief Judge.

This matter is now before the Court on defendants' motion to dismiss for failure to state a claim upon which relief can be granted, pursuant to Fed.R.Civ.P. 12(b)(6). Plaintiff brings suit under 42 U.S.C. § 1983 and supplemental state law negligence claims to recover for injuries incurred when the car in which he was a passenger crashed during the course of a high-speed chase by South Kingstown police.

## I. BACKGROUND

The facts as alleged by the plaintiff are as follows: On the afternoon of July 15, 1989, plaintiff was a passenger in a 1979 Pontiac Firebird owned by Antonio DeGiacamo and being operated by Harold Miner, the son-in-law of DeGiacamo. The vehicle was being operated in a safe manner heading northbound on Route 1 as it approached the intersection of Narragansett Avenue and Route 1 in the Town of South Kingstown. At that intersection, Officers Christopher Iredale and Scott Bonner of the South Kingstown police allegedly observed the absence of an inspection sticker on the Firebird.

Officers Iredale and Bonner followed the Firebird and attempted to stop it. However, Miner did not pull over and Officers Iredale and Bonner engaged Miner in pursuit. Meanwhile, in response to a radio call by Officer Iredale, defendant Michael Picard and Sergeant Gary Davis established a roadblock near the intersection of Route 1 and Morsefield Road in South Kingstown.

As the Firebird approached the roadblock, approximately one mile from the place of original pursuit, Miner slowed the vehicle and then accelerated through an opening in between the two police cruisers. After the Firebird was past the cruisers defendant Picard fired his service revolver at the Firebird. The Firebird continued northbound on Route 1.

Immediately after discharging his revolver, defendant Picard entered his police cruiser and commenced pursuit of the Firebird. The pursuit continued on Route 1 to Route 4 onto Preston Road in North Kingstown and then onto Route 102 northbound, reaching speeds up to 100 m.p.h.

Approximately 542 feet north of the intersection of Queen Street and Route 102 the Firebird left the highway and rolled over, causing the two occupants to be ejected from the vehicle. The driver was killed instantly. Plaintiff suffered serious and permanent injury.

Plaintiff filed this suit on July 15, 1992 under 42 U.S.C. § 1983, also making pendent state law claims for negligence. The complaint alleges that plaintiff's rights under the Fourth and Fourteenth Amendments were violated by Officer Picard's conduct and the failure of Chief Vespia and the Town of South Kingstown to discipline and train police officers with regard to high speed chases. It also alleges that defendants were negligent.

Defendants moved to dismiss the complaint on the grounds that it failed to state a claim upon which relief may be granted. Defendants argue that the § 1983 claims must be dismissed because plaintiff fails to allege a constitutional violation, and also because the actions of the police were not the proximate cause of plaintiff's injuries as a matter of law.

The parties engaged in oral argument on February 4, 1993, and the matter was taken under advisement. It is now in order for decision.

## II. DISCUSSION

In ruling on a motion to dismiss under Rule 12(b)(6), a court must take the allegations of the complaint as true and view them in the light most favorable to the plaintiff. *Brower v. County of Inyo*, 489 U.S. 593, 598, 109 S.Ct. 1378, 103 L.Ed.2d 628 (1989), *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). A complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

In order to determine whether a claim is stated under § 1983, "the initial inquiry must focus on whether the two essential elements to a § 1983 action are present: (1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 68 L.Ed.2d 420, 428 (1981), *overruled in part on other grounds by Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986). "There are two aspects to the second inquiry: '(1) there must have been a deprivation of federally protected rights, privileges or immunities; and (2) the conduct complained of must have been causally connected to the deprivation.'" *Gutierrez–Rodriguez v. Cartagena*, 882 F.2d 553, 559 (1st Cir.1989) (quoting *Woodley v. Town of Nantucket*, 645 F.Supp. 1365, 1369 n. 4 (D.Mass 1986). Defendants dispute both aspects of the second element. They argue that plaintiff has not alleged the violation of a constitutional right, and that the police conduct was not the proximate cause of plaintiff's injuries.

### A. Fourth Amendment

■ Defendants first argue that the facts alleged do not constitute a seizure under the

Fourth Amendment. Plaintiff argues that he was "constructively seized" by the police pursuit, because so long as that pursuit continued, plaintiff's freedom of movement was restricted, and he had no choice but to remain in the "constructive possession" of the Town of South Kingstown.

Analysis of a claim of seizure under these circumstances must begin with the Supreme Court's decision in *Brower v. County of Inyo*, 489 U.S. 593, 109 S.Ct. 1378, 103 L.Ed.2d 628 (1989). In *Brower*, the Court held that a seizure occurred when a vehicle being pursued by police crashed into a police roadblock. The Court stated that a seizure must involve "a governmental termination of freedom of movement *through means intentionally applied.*" 489 U.S. at 597, 109 S.Ct. at 1382 (emphasis in original). "[A] roadblock is not just a significant show of authority to induce a voluntary stop, but is designed to produce a stop by physical impact if voluntary compliance does not occur." *Id.* at 598, 109 S.Ct. at 1382. A collision with a roadblock is a seizure because the person is "stopped by the very instrumentality set in motion or put in place in order to achieve that result." *Id.* at 599, 109 S.Ct. at 1382.

The Supreme Court carefully and at length distinguished the situation of a police chase in which the suspect unexpectedly loses control of his car and crashes, agreeing that in those circumstances no seizure occurs.

[In that] hypothetical situation ... [, t]he pursuing police car sought to stop the suspect only by the show of authority represented by flashing lights and continuing pursuit; and though he was in fact stopped, he was stopped by a different means—his loss of control of his vehicle and the subsequent crash. If, instead of that, the police cruiser had pulled alongside the fleeing car and sideswiped it, producing the crash, then the termination of the suspect's freedom of movement would have been a seizure.

*Id.* at 597.

This distinction by the Court has been relied on by lower courts in finding a seizure where the police took action intending to cause a collision, and no seizure where there was no such intent. *See, e.g., Roach v. City*

*of Fredericktown*, 882 F.2d 294 (8th Cir.1989) (holding that pursuit of vehicle that crashed did not constitute a seizure because police officer did not intend pursuit to end by means of accident); *Frye v. Town of Akron*, 759 F.Supp. 1320 (N.D.Ind.1991) (holding no seizure of passenger on motorcycle hit by pursuing police car because police did not intend to cause collision).

Plaintiff's argument here is somewhat different. He can not claim that the accident itself was a seizure, because clearly the police officer did not intend to cause the collision. Rather, he argues that by pursuing the driver, the police created the situation of high speed that prevented plaintiff from escaping from the car. Until the pursuit ended with the crash, plaintiff had no choice but to remain in the car, and therefore, plaintiff argues, in the constructive possession of the police. Although the driver's freedom of movement was not terminated by the mere pursuit, plaintiff argues that his freedom of movement as a passenger was terminated.

■ The Court does not find plaintiff's constructive seizure argument persuasive. A seizure requires termination of movement through the means intended by the police to cause that termination. There is no allegation here that the police intended to restrict the passenger's movement in this manner. Rather, the police clearly intended to restrict the *driver's* movement by means of a show of authority that would convince the driver to *stop* the car. Plaintiff's constructive seizure theory is clearly inconsistent with the intent-based analysis under the Fourth Amendment.

Plaintiff went so far as to admit at oral argument that the Court may be constrained to find no seizure because of the First Circuit's restrictive interpretation of intent, which requires that a plaintiff be the object of the police action. In *Landol–Rivera v. Cruz Cosme*, 906 F.2d 791 (1st Cir.1990), the Court held that no seizure occurred when the police, in shooting at an escaping robbery suspect, hit and injured a hostage. The plaintiff was not seized because the police did not intend to hit plaintiff; he "was not the object of the police bullet that struck him."

*Id.* at 795. Therefore the shooting did not implicate the Fourth Amendment, which "addresses 'misuse of power, . . . not the accidental effects of otherwise lawful government conduct.'" *Id.* (quoting *Brower,* 489 U.S. at 597, 109 S.Ct. at 1381).

Plaintiff points out that other courts have used a less restrictive intent analysis. For example, in *Keller v. Frink,* 745 F.Supp. 1428 (S.D.Ind.1990), the District Court explicitly rejected the analysis of *Landol–Rivera* in holding that the intent to stop a car includes the intent to stop everyone inside the car. Plaintiff argues that this is the better analysis, but it is clear that *Landol–Rivera* is controlling in this circuit.

■ Furthermore, even if we were to assume that plaintiff was an "object" of the police action, there was no seizure here because plaintiff's movement was not restrained by any means intended by the police. The facts as alleged by plaintiff demonstrate that the police did not intend to restrict the movement of the passenger by causing the driver to flee at high speeds. In fact, their intent was the exact opposite: they intended to convince the driver to stop his vehicle. Any other interpretation of the police conduct in this situation would be absurd, and is not alleged in the complaint. Plaintiff's seizure claim is based on exactly the sort of "unintended consequences of government action" that the Fourth Amendment does not address. *Id.*

### B. Fourteenth Amendment

■ Plaintiff also alleges that the police conduct challenged here violated his rights under the Fourteenth Amendment. Where no seizure has been established, claims of excessive force may be analyzed under substantive due process principles. *Landol–Rivera* at 796. Defendant argues that the complaint alleges no more than negligence, which is not actionable under § 1983 under the Supreme Court's decision in *Daniels v. Williams,* 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986).

■■ In order to succeed on a substantive due process claim, plaintiff must prove that defendants acted with "reckless or cal-lous indifference to the plaintiff's constitutional rights," *Gutierrez–Rodriguez,* 882 F.2d at 559, here plaintiff's constitutional liberty interest in freedom from bodily injury. *See id.; see also Daniels v. Williams.* Defendants' conduct can be found to be recklessly or callously indifferent "only if defendants clearly knew (or reasonably should have known) that their [conduct] was very likely to deprive [plaintiff] of [his] constitutionally protected liberty." *Germany v. Vance,* 868 F.2d 9, 18–19 (1st Cir.1989).

This analysis involves a very high standard. As the First Circuit has stated,

> It is inevitable that the police response to violent crime will at times create some risk of injury to others, including innocent bystanders. We decline to hold that the mere presence of risk reflects a callous indifference to the constitutional rights of those individuals potentially harmed. Any other conclusion would both chill law enforcement officers in the performance of their duties and encourage ... criminal activity in public settings so as to minimize police intervention.

*Landol–Rivera,* 906 F.2d at 797 (reversing district court's denial of motion for judgment notwithstanding the verdict). However, in the context of a motion to dismiss, the Court is unable to say that plaintiff could prove no set of facts establishing a substantive due process violation. *Cf. Frye,* 759 F.Supp. 1320 (complaint failed to state claim under Fourth Amendment for death of motorcycle passenger during high speed police chase, but Fourteenth Amendment substantive due process claim could not be disposed of on motion to dismiss).

### C. Proximate Cause

■ Defendant's last argument is that both the § 1983 and the state law counts of the complaint should be dismissed because plaintiff's injuries were not proximately caused by the actions of defendants. Relying on the Rhode Island case of *Almeida v. Town of North Providence,* 468 A.2d 915 (R.I.1983), they argue that the driver's actions in this case constituted an independent intervening cause that "broke the chain of

causation" and became the sole proximate cause of plaintiff's injuries.

The *Almeida* case involved a high speed chase by a North Providence police officer. The defendant officer DeLuca signalled the Pontiac in which plaintiff's decedent was a passenger to pull over after noticing that the car's occupants were "looking around" and appeared lost. There had been no violation of any town ordinance. The car halted at an intersection, but as Officer DeLuca stepped out of his police car, the operator of the Pontiac "hit the gas and took off" in violation of the state reckless driving statute. DeLuca pursued for several miles at speeds up to eighty miles per hour. The pursuit ended when the Pontiac hit a telephone pole, killing plaintiff's decedent.

The Rhode Island Supreme Court upheld the determination of the trial judge (this writer) that even assuming DeLuca's conduct was negligent, the intentional acts of the driver broke the initial chain of causation and became the sole proximate cause of the passenger's death as a matter of law. The Court stated that the driver's flight "constituted a blatant disregard for both his own life and those of his passengers and other motorists which could not reasonably have been foreseen given the fact that he had not violated any laws or ordinances while in De-Luca's presence." *Id.* at 917.

■ The Court notes that the motion for a directed verdict in the *Almeida* case was granted after all the evidence was presented and that the facts, viewed most favorably to the plaintiff, were analyzed under state law. Determinations of proximate cause under § 1983 are governed by federal standards, which incorporate common law tort principles. *Gutierrez–Rodriguez*, 882 F.2d at 561. The First Circuit has discussed the concept of superseding intervening causes under § 1983 at length, stating:

an actor is responsible for "those consequences attributable to reasonably foreseeable intervening forces, including the acts of third parties. A negligent defendant will not be relieved of liability by an inter-

vening cause that was reasonably foreseeable, even if the intervening force may have 'directly' caused the harm. An 'unforeseen and abnormal' intervention, on the other hand, 'breaks the chain of causality,' thus shielding the defendant from liability."

*Gutierrez–Rodriguez* at 561 (quoting *Marshall v. Perez Arzuaga*, 828 F.2d 845, 848 (1st Cir.1987), *cert. denied*, 484 U.S. 1065, 108 S.Ct. 1027, 98 L.Ed.2d 991 (1988)). As under Rhode Island law, the key is whether the intervening act was "reasonably foreseeable." *Almeida* at 917. However, the First Circuit has made it clear that issues of foreseeability are generally for the jury.

Not only ordinary fact questions, but also "evaluative applications of legal standards (such as the legal concept of 'foreseeability') to the facts" are properly jury questions. In any case where there might be reasonable difference of opinion as to evaluative determinations ... the question is one for the jury.

*Springer v. Seaman*, 821 F.2d 871, 876 (1st Cir.1987) (quoting W. Prosser & W. Keeton, *Prosser and Keeton on Torts* 320 (5th ed. 1984). Only the question of "whether the jury may reasonably differ is a determination left to the court." *Id.* at 877.

■ The Court cannot at this juncture state that plaintiff can prove no set of facts that will provide a jury question on the issue of foreseeability. A number of state courts have held that where there is evidence that something in the manner of a police pursuit made an accident likely, the issue of proximate cause should go to the jury. *See, e.g., Chambers v. City of Lancaster*, 843 S.W.2d 143 (Tex.App.1992); *Jones v. Ahlberg*, 489 N.W.2d 576 (N.D.1992); *City of Pinellas Park v. Brown*, 604 So.2d 1222 (Fla.1992); *Mercado v. Vega*, 77 N.Y.2d 918, 569 N.Y.S.2d 595, 572 N.E.2d 36 (1991). Plaintiff in *Almeida* was given the opportunity to present all the evidence she could on the causation issue. Plaintiff must be given the same opportunity here.[1]

---

1. The Court also notes that plaintiff must prove more than negligence in order to prevail on his state law claim against Officer Picard. Rhode Island law provides that the driver of an "authorized emergency vehicle" is entitled to certain privileges in an emergency or "when in the pur-

## III. CONCLUSION

For the foregoing reasons defendants' motion to dismiss Count One of the Complaint is granted in part and denied in part. Defendants' motion to dismiss Counts Two and Three of the Complaint is denied.

It is so ordered.

suit of an alleged violator of the law." R.I.Gen. Laws § 31–12–6 (1992 Supp.). Such a driver is subject to liability only for his "reckless disregard for the safety of others," not for mere negligence. R.I.Gen. Laws § 31–12–9 (1982). *See Roberts v. Kettelle*, 356 A.2d 207, 116 R.I. 283 (1976).