■ PAUL BENT, Appellant, v ANDERSEN CORPORATION, Respondent, and NORTH AMERICAN VAN LINES, Defendant and Third-Party Plaintiff. THURBER LUMBER Co., INC., Third-Party Defendant-Respondent. [615 NYS2d 700] —In an action to recover damages for personal injuries, the plaintiff appeals from (1) a judgment of the Supreme Court, Suffolk County (Neumark, J.), entered July 6, 1992, which, after a jury trial, was in favor of the defendant Andersen Corporation and (2) an order of the same court, dated September 2, 1992, which denied the plaintiff's motion to set aside the jury verdict as being against the weight of the evidence. The appeal brings up for review the denial of the plaintiff's motion for partial summary judgment against Andersen Corporation.

Ordered that the judgment is affirmed; and it is further,

Ordered that the order is affirmed; and it is further,

Ordered that Andersen Corporation is awarded one bill of costs.

The plaintiff was injured while unloading a shipment of windows and patio doors manufactured by the defendant Andersen Corporation (hereinafter Andersen). When the defendant North American Van Lines moved for summary judgment, which was denied by the Supreme Court, the plaintiff cross-moved for partial summary judgment against Andersen on the issue of liability only. The Supreme Court denied the cross motion on the ground that there was a triable issue as to whether any liability for negligence on the part of Andersen was relieved by subsequent occurrences during the unloading of the shipment on the premises of the plaintiff's employer, the third-party defendant Thurber Lumber. We affirm.

There was evidence that even though Andersen had failed to follow its own internal guidelines in packing the van, the contents of the van had not shifted when the van arrived at its destination. Further, there was evidence that the plaintiff or his supervisor moved several of the cartons which subsequently fell onto the plaintiff, thus creating a triable issue as

to whether Andersen's negligence was the proximate cause of the plaintiff's injuries *(see, Howard v Poseidon Pools,* 72 NY2d 972).

Contrary to the plaintiff's contention, the trial court properly denied the motion to set aside the verdict in favor of the defendants as against the weight of the evidence. The court may set aside a jury verdict and grant a new trial upon a finding that the jury could not have reached its verdict on any fair interpretation of the evidence *(see, Nicastro v Park,* 113 AD2d 129, 134). Here, the jury reasonably found the defendants' witnesses to be more credible than the plaintiff's testimony, and upon that evidence reasonably could have concluded that Andersen's negligence was not the proximate cause of the plaintiff's injuries, since there were specific, independent acts which constituted an intervening cause to relieve Andersen of liability *(see, Mercado v Vega,* 77 NY2d 918, 920; *see also, Derdiarian v Felix Contr. Corp.,* 51 NY2d 308, 315).

The evidence at trial indicated that even though Andersen had failed to secure the cartons in compliance with its internal guidelines, the cartons were still securely and tightly packed when they arrived at Thurber Lumber. Moreover, the credible evidence indicated that the accident did not occur until the plaintiff and his supervisor had unloaded at least half of the van, and had shifted the weight of several boxes so that they were leaning precariously shortly before the accident. This evidence supports the jury's verdict, and it cannot be said that the jury's conclusion that Andersen's negligence was not the proximate cause of the plaintiff's injuries could not have been reached upon any fair interpretation of the evidence.

The plaintiff's remaining contentions are either unpreserved for appellate review or without merit. Bracken, J. P., Sullivan, Miller and Hart, JJ., concur.