MATTHEW POWELL, Respondent, v CITY OF MOUNT VERNON, Appellant, and ROBERT S. BLACK et al., Respondents. (Action No. 1.) ROBERT S. BLACK, Respondent, v CITY OF MOUNT VERNON, Appellant, and MIRNA G. POWELL, et al., Respondents. (Action No. 2.) MIRNA POWELL, Respondent, v CITY OF MOUNT

VERNON, Appellant, and BRIAN THOMPSON, Respondent. (Action No. 3.) [644 NYS2d 766]

While fleeing from a pursuing police vehicle in the City of Mount Vernon, Brian Thompson drove his car through an intersection at high speed and collided into another vehicle, causing the death of one person and inflicting serious injuries upon two others. The plaintiffs subsequently commenced several actions against, among others, the City of Mount Vernon, which were later consolidated, asserting that the pursuing officer's alleged negligence constituted a proximate cause of the ensuing collision. Upon the City of Mount Vernon's motion to dismiss the complaints and any cross claims insofar as asserted against it, the Supreme Court ruled that questions of fact existed with respect to the City's liability. We disagree.

The Court of Appeals has held that a "police officer's conduct in pursuing a suspected lawbreaker may not form the basis of * * * liability to an injured bystander unless the officer acted in reckless disregard for the safety of others" (Saarinen v Kerr, 84 NY2d 494, 501). This standard requires "evidence that 'the actor has intentionally done an act of an unreasonable character in disregard of a known or obvious risk that was so great as to make it highly probable that harm would follow' " (Saarinen v Kerr, supra, at 501, quoting Prosser and Keeton, Torts § 34, at 213 [5th ed]).

There are no material questions of fact with respect to the officer's alleged reckless disregard for the safety of others. Here, since the evidence indicates that the conduct of the fleeing motorist posed a threat to the public safety, the officer was authorized to "use whatever means [were] necessary, short of the proscribed recklessness, to overtake and stop the offending driver" (Saarinen v Kerr, supra, at 503).

While there was conflicting testimony with respect to the speed at which the officer was pursuing the fleeing vehicle, the fact that the officer was exceeding the speed limit does not by itself constitute a predicate for the imposition of liability (see, Saarinen v Kerr, supra, at 503; see also, Vehicle and Traffic

Law § 1104 [b] [3]). More significantly, there is nothing in the officer's conduct demonstrating that he intentionally committed acts of an unreasonable character, in disregard of a known risk so great that harm to others was probable *(Saarenin v Kerr, supra).* Lastly, we find that the plaintiffs' contention with respect to the officer's alleged violation of police department rules governing chases fails to establish that the officer's conduct was reckless within the meaning of the standards prescribed by the Court of Appeals in the Saarinen case. Balletta, J. P., Rosenblatt, Thompson and Copertino, JJ., concur.