■ SHIRLEY NOTORANGELO et al., Respondents, v STATE OF NEW YORK, Appellant. [659 NYS2d 312] —In a claim to recover damages for personal injuries, etc., the defendant, State of New York, appeals from an interlocutory judgment of the Court of Claims (Ruderman, J.), dated April 29, 1996, which, after a trial on the issue of liability only, apportioned liability equally between the State and the claimant Shirley Notorangelo.

Ordered that the interlocutory judgment is reversed, on the law, with costs, and the claim is dismissed.

On December 20, 1992, in the afternoon, the claimant Shirley Notorangelo was driving from a shopping mall in Poughkeepsie to Montrose, New York, with her sixteen-year-old granddaughter, Michele, and two other passengers. Ms. Notorangelo was traveling south on Route 9A towards Victoria Avenue, where she intended to make a left turn. State Trooper John Kakavas and his partner were on routine car patrol in the area when they received a radio report of a motorcycle accident at the intersection of Route 9A and Route 9. Kakavas activated his emergency lights and siren and proceeded, as estimated by the claimants' expert, at a speed of approximately 55 to 70 miles per hour, to the scene of the accident. As Kakavas approached the intersection of Route 9A and Victoria Avenue, he observed the Notorangelo car slow down. He assumed that the driver was yielding to the right so that he could pass. Instead, Ms. Notorangelo turned left and the patrol car collided with the rear end of her car, causing injuries to Michele, who was sitting in the back seat.

After a three-day trial in the Court of Claims, the court concluded that State Trooper Kakavas acted recklessly, and that his reckless conduct was a proximate cause of the accident. The court also found that Notorangelo's negligence contributed to the accident. Specifically, the court found that Notorangelo failed to use her left directional signal before turning, that she knew or should have known that a police car was traveling behind her, and that she should have yielded the

right of way as mandated by Vehicle and Traffic Law § 1144. On appeal, the State contends that the conduct of State Trooper Kakavas did not rise to the level of reckless disregard for the safety of others as that standard has been defined under Vehicle and Traffic Law § 1104 (e). We agree.

Pursuant to Vehicle and Traffic Law § 1104 (b) (3), the driver of an authorized emergency vehicle involved in an emergency operation is privileged to exceed the speed limit as long as the driver "does not endanger life or property". Pursuant to Vehicle and Traffic Law § 1104 (e), however, the driver is not relieved from the "duty to drive with due regard for the safety of all persons" nor is the driver protected from the consequences of any "reckless disregard for the safety of others".

This standard requires more than a mere lack of due care under the circumstances, which standard is associated with ordinary negligence. "It requires evidence that 'the actor has intentionally done an act of an unreasonable character in disregard of a known or obvious risk that was so great as to make it highly probable that harm would follow' and has done so with conscious indifference to the outcome" (*Saarinen v Kerr*, 84 NY2d 494, 501, quoting Prosser and Keeton, Torts § 34, at 213 [5th ed]). Under the circumstances of this case, that standard has not been met. Rosenblatt, J. P., Sullivan, Pizzuto and Friedmann, JJ., concur.