■ Sharon Naue et al., Appellants, v John W. Higgins, Jr., et al., Defendants, and Mark Gilmore et al., Respondents. (Action No. 1.) Gustave Naue, Individually and as Parent and Natural Guardian of Christopher Naue, an Infant, et al., Plaintiffs, v John W. Higgins, Jr., et al., Defendants. (Action No. 2.) Joseph Wanderlingh et al., Appellants, v John W. Higgins, Jr., et al., Defendants, and Sharon Naue et al., Respondents. (Action No. 3.) [662 NYS2d 527] —In three related actions to recover damages for personal injuries, etc., which were joined for purposes of trial, the plaintiffs in Action No. 1 appeal, as limited by their brief, from so much of an order of the Supreme Court, Putnam County (Hickman, J.), dated

September 23, 1996, as granted the motion of the defendants Mark Gilmore, County of Putnam, and Putnam County Sheriff's Department for summary judgment dismissing the complaint in Action No. 1 insofar as asserted against them, and the plaintiffs in Action No. 3 separately appeal, as limited by their brief, from so much of the same order as granted the motion of Mark Gilmore, County of Putnam, and Putnam County Sheriff's Department and the cross motion of the defendant Sharon Naue for summary judgment dismissing the complaint in Action No. 3 insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.

We agree with the Supreme Court's conclusion that on the facts of this case, and given that the record shows that the alleged pursuit lasted approximately seven seconds, at 2:35 A.M., in a quiet neighborhood with no traffic, the conduct of the defendant Deputy Mark Gilmore in failing to activate his siren or lights during that period of time while traveling at approximately 35 to 40 miles per hour in a 30 miles per hour zone, did not rise to a level of " 'reckless disregard for the safety of others' " (*Powell v City of Mount Vernon*, 228 AD2d 572, 573, quoting *Saarinen v Kerr*, 84 NY2d 494, 501). The Court of Appeals has expressly stated that the "reckless disregard" test, "requires a showing of more than a momentary judgment lapse" (*Saarinen v Kerr, supra*, at 502). Therefore, the Supreme Court properly granted summary judgment to the defendants Deputy Mark Gilmore, County of Putnam, and Putnam County Sheriff's Department dismissing the complaints in Action Nos. 1 and 3 insofar as asserted against them.

The Supreme Court also properly granted the cross motion of the defendant Sharon Naue for summary judgment dismissing the complaint in Action No. 3 insofar as asserted against her since there was no admissible evidence in the record demonstrating that she had in any way been negligent in driving on the night of the accident, and it is undisputed that her vehicle was suddenly and unexpectedly hit by the vehicle driven by the defendant John W. Higgins, Jr.

In light of the foregoing, we need not reach the appellants' remaining contentions. Bracken, J. P., Rosenblatt, Goldstein and Luciano, JJ., concur.