■ Robert Mulligan et al., Appellants, v City of New York, Respondent, et al., Defendant. [664 NYS2d 484] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from so much of an order of the Supreme Court, Richmond County (Sangiorgio, J.), dated March 22, 1996, as granted the motion of the defendant City of New York for summary judgment dismissing the complaint insofar as it is asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

A police officer's conduct in pursuing a suspected lawbreaker may not form the basis of civil liability to an injured third party unless the officer acted in reckless disregard of the safety of others (*see,* Vehicle and Traffic Law § 1104 [b] [1]; [e]; *Saarinen v Kerr,* 84 NY2d 494; *Williams v City of New York,* 240 AD2d 734; *Powell v City of Mount Vernon,* 228 AD2d 572). The "reckless disregard" standard requires "evidence that 'the actor has intentionally done an act of an unreasonable character in disregard of a known or obvious risk that was so great as to make it highly probable that harm would follow'" (*Saarinen v Kerr, supra,* at 501, quoting Prosser and Keeton, Torts § 34, at 213 [5th ed]).

Contrary to the plaintiffs' contentions, on this record there is no evidence of fault, let alone recklessness, on the part of the operator of the police vehicle in which Police Officer Robert Mulligan was a passenger. Indeed, Officer Mulligan testified at his examination before trial that the police car had its lights and sirens operating, that the other vehicles on the road had pulled over to the left, and that the traffic light had turned green just before the police car went through the intersection where it was struck from the left by a van coming from a cross street. Accordingly, under the circumstances, dismissal of the complaint insofar as it is asserted against the City was proper. Copertino, J. P., Sullivan, Pizzuto and Lerner, JJ., concur.