■ GAIL FIORIELLO et al., Respondents, v MAURICE SASSON et al., Respondents, and VILLAGE OF TUCKAHOE et al., Appellants. [680 NYS2d 662] —In an action to recover damages for personal injuries, etc., the defendants Village of Tuckahoe and Village of Tuckahoe Police Department appeal from an interlocutory judgment of the Supreme Court, Westchester County (Lefkowitz, J.), dated September 24, 1997, which, upon an order of the same court entered September 8, 1997, denying their motion to set aside the jury verdict as against the weight of the evidence, adjudged them to be 10% at fault in the happening of an automobile accident. The notice of appeal from the order entered September 8, 1997, is deemed to be a premature notice of appeal from the interlocutory judgment (*see,* CPLR 5520 [c]).

Ordered that the interlocutory judgment is affirmed, with costs to the plaintiffs-respondents.

A police car driven by an officer of the Village of Tuckahoe Police Department was pursuing a vehicle driven by the defendant Edward Ortiz. An accident resulted in which the vehicle driven by Ortiz collided with the vehicle of the plaintiff Gail Fioriello.

The Court of Appeals has held that a "police officer's conduct

in pursuing a suspected lawbreaker may not form the basis of * * * liability to an injured bystander unless the officer acted in reckless disregard for the safety of others" (*Saarinen v Kerr,* 84 NY2d 494, 501; *Powell v City of Mount Vernon,* 228 AD2d 572). This standard requires "evidence that 'the actor has intentionally done an act of an unreasonable character in disregard of a known or obvious risk that was so great as to make it highly probable that harm would follow' " (*Saarinen v Kerr, supra,* at 501, quoting Prosser and Keeton, Torts § 34, at 213 [5th ed]; *Powell v City of Mount Vernon, supra*).

In considering the appellants' motion to set aside the verdict in favor of the plaintiffs as against the weight of the evidence, the standard to be applied is whether the evidence so preponderated in favor of the appellants that the verdict could not have been reached on any fair interpretation of the evidence (*see, Lolik v Big V Supermarkets,* 86 NY2d 744, 746; *Moffatt v Moffatt,* 86 AD2d 864, *affd* 62 NY2d 875). Here, the evidence demonstrated that the officer in question was in pursuit of an automobile driven by Ortiz which, to the best of the officer's knowledge, had violated two traffic regulations. The pursuit proceeded through a residential area during rush-hour and it was dark outside. The police vehicle traveled at approximately 60 miles per hour in pursuit of the automobile driven by Ortiz which was traveling at 60 to 80 miles per hour in a 25-to-30 miles-per-hour speed zone. The pursuing officer had stated that he was aware of police procedures dictating that, where an automobile pursuit "get[s] out of hand" he was to slow down. Further, the officer testified that he had considered, sometime during the pursuit, that someone, possibly himself, could get killed but decided to continue. Moreover, there was conflicting evidence as to whether the officer had activated the siren and flashing lights on the police vehicle.

A review of the evidence in this case demonstrates that a fair basis existed for the verdict in the plaintiffs' favor (*cf., Olivera v City of New York,* 239 AD2d 300). Rosenblatt, J. P., Miller, Altman and Friedmann, JJ., concur.