■ ARLENE TURINI, Respondent, v COUNTY OF SUFFOLK et al., Appellants. [778 NYS2d 66]—

In an action, inter alia, to recover damages for wrongful death, the defendants appeal from an order of the Supreme Court, Suffolk County (Werner, J.), entered September 5, 2002, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

Charles Turini, the plaintiff's decedent (hereinafter the

decedent), was killed when a patrol car operated by Suffolk County Police Officer John Gang, who was responding to a radio call of "shots fired," struck the decedent's vehicle in the intersection of Veterans Memorial Highway and Orville Drive in Bohemia. The decedent was traveling northbound on Orville Drive when his vehicle entered the intersection while attempting to make a left turn onto westbound Veterans Memorial Highway. Gang was traveling eastbound on Veterans Memorial Highway, with his patrol car partially in the left turning lane.

The plaintiff, individually and as executrix of the decedent's estate, commenced this action against Gang, the Suffolk County Police Department (hereinafter the SCPD), and the County of Suffolk, contending that Gang was reckless in the operation of his patrol car and violated various provisions of the Vehicle and Traffic Law and the SCPD procedures manual. The defendants moved for summary judgment. The Supreme Court denied the motion finding that there were triable issues of fact as to whether Gang was reckless. We reverse.

A police officer is qualifiedly exempt from certain traffic laws in driving a vehicle in an emergency operation, and his or her conduct "may not form the basis of civil liability to an injured [third party] unless the officer acted in reckless disregard for the safety of others" (*Saarinen v Kerr*, 84 NY2d 494, 501 [1994]; *see* Vehicle and Traffic Law § 1104 [b] [1]-[4]; [e]; *Mulligan v City of New York*, 245 AD2d 277, 278 [1997]; *Williams v City of New York*, 240 AD2d 734, 735-736 [1997]; *Powell v City of Mount Vernon*, 228 AD2d 572, 573-574 [1996]). The "reckless disregard" standard requires "evidence that 'the actor has intentionally done an act of an unreasonable character in disregard of a known or obvious risk that was so great as to make it highly probable that harm would follow' and has done so with conscious indifference to the outcome" (*Saarinen v Kerr, supra*, at 501, quoting Prosser and Keeton, Torts § 34, at 213 [5th ed]; *see Mulligan v City of New York, supra* at 278).

Contrary to the plaintiff's contention, there was no evidence that Gang was reckless. Rather, it was undisputed that prior to the accident, Gang activated his siren and lights, and other eastbound vehicles pulled over to provide Gang's vehicle with access to the lefthand traffic and turn lanes, and there were no vehicles obstructing the left turning lane as Gang approached the intersection. Gang and several witnesses also traveling eastbound on Veterans Memorial Highway, stated that Gang had the green light as his patrol car approached and entered the intersection. The witnesses also stated that the decedent went through a red light controlling traffic on Orville Drive. The only

witness to contradict Gang and the other witnesses was traveling westbound on Veterans Memorial Highway and was not at a vantage point where he could see the subject traffic control lights.

Contrary to the plaintiff's contentions, conduct which violates provisions of the Vehicle and Traffic Law relating to maximum rate of speed, lane-changing procedures, and other rules of the road does not, standing alone, render the operator of an emergency vehicle reckless or provide an independent basis for liability (*see Szczerbiak v Pilat*, 90 NY2d 553, 557 [1997]; *Saarinen v Kerr, supra; Salzano v Korba*, 296 AD2d 393, 394 [2002]; *Dorsey v City of Poughkeepsie*, 275 AD2d 386, 387 [2000]; *Naue v Higgins*, 242 AD2d 567, 568 [1997]; *Powell v City of Mount Vernon, supra* at 573). Moreover, Gang's alleged failure to follow the general standards of care articulated in the SCPD's procedure manual does not provide an independent basis to impose liability upon the defendants (*see Teitelbaum v City of New York*, 300 AD2d 649, 650 [2002]; *Powell v City of Mount Vernon, supra* at 574).

Accordingly, the defendants established their entitlement to judgment as a matter of law by establishing that Gang's conduct was not reckless (*see Saarinen v Kerr, supra* at 503; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Mulligan v City of New York, supra; Notorangelo v State of New York*, 240 AD2d 716, 717 [1997]; *cf., Gordon v County of Nassau*, 261 AD2d 359 [1999]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

In light of the foregoing, we do not reach the defendants' remaining contentions. Smith, J.P., S. Miller, Crane and Rivera, JJ., concur.