■ Eric Daniels, Appellant, et al., Plaintiff, v City of New York et al., Respondents. [813 NYS2d 164]—

In an action to recover damages for personal injuries, the plaintiff Eric Daniels appeals from an order of the Supreme Court, Kings County (Solomon, J.), dated May 12, 2005, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff Eric Daniels was injured when a patrol car operated by the defendant New York City Police Officer Joseph Commorato, while responding to a radio call of "officer needs assistance," collided with his motorcycle at the intersection of Pennsylvania and Liberty Avenues in Brooklyn. Daniels contends that Commorato was reckless in the operation of his patrol car by failing to slow down before entering the intersection against a red light and not operating his lights and siren. The Supreme Court properly granted the defendants' motion for summary judgment.

A police officer is qualifiedly exempt from certain traffic laws while driving a vehicle in an emergency operation, and his or her conduct may not be the basis of civil liability to an injured third party unless the officer acted in reckless disregard for the safety of others (*see Saarinen v Kerr*, 84 NY2d 494, 501 [1994]; *Turini v County of Suffolk*, 8 AD3d 260, 261 [2004]; Vehicle and Traffic Law § 1104 [e]). The "reckless disregard" standard requires "evidence that 'the actor has intentionally done an act of an unreasonable character in disregard of a known or obvious risk that was so great as to make it highly probable that harm would follow' and has done so with conscious indifference to the outcome" (*Saarinen v Kerr, supra* at 501, quoting Prosser and Keeton, Torts § 34, at 213 [5th ed]; *see Mulligan v City of New York*, 245 AD2d 277, 278 [1997]).

Contrary to Daniels' contentions, there was no evidence that Commorato acted recklessly. The defendants' evidence established that prior to the accident, Commorato activated his siren and lights. Commorato testified at his deposition that, as he approached the intersection, he did not observe any vehicles traveling in front of him on Pennsylvania or Liberty Avenues. Further, he stated that he slowed down as he approached the red light and braked hard when he observed Daniels' motorcycle approaching from Liberty on his left side. Thus, Commorato's testimony, in combination with the other evidence submitted by the defendants, established prima facie the defendants' entitlement to judgment as a matter of law by demonstrating that Commorato's conduct was not reckless (*see Saarinen v Kerr, supra; Turini v County of Suffolk, supra* at 262; *Mulligan v City of New York, supra; cf. Szczerbiak v Pilat*, 90 NY2d 553, 557 [1997]). In opposition, Daniels failed to raise a triable issue of fact. Schmidt, J.P., Crane, Santucci and Rivera, JJ., concur.