■ Brandon Charles Meade et al., Appellants, v Anna L. Chestnut et al., Defendants, and City of Mount Vernon et al., Respondents. (And Related Actions.) [863 NYS2d 446]—

In related actions to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Bellatoni, J.), entered March 15, 2007, as granted that branch of the motion of the defendants City of Mount Vernon and Mount Vernon Police Department which was for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

"The manner in which a police officer operates his or her vehicle in [responding to] an emergency situation may not form the basis for civil liability to an injured third party unless the officer acted in reckless disregard for the safety of others" (*Puntarich v County of Suffolk*, 47 AD3d 785, 786 [2008]; *see* Vehicle and Traffic Law § 1104 [e]; *Saarinen v Kerr*, 84 NY2d 494, 501 [1994]; *Shephard v City of New York*, 39 AD3d 842 [2007]; *Badalamenti v City of New York*, 30 AD3d 452 [2006]; *Rodriguez v Incorporated Vil. of Freeport*, 21 AD3d 1024 [2005]; *Molinari v City of New York*, 267 AD2d 436 [1999]). "The 'reck-

less disregard' standard requires proof that the officer intentionally committed an act of an unreasonable character in disregard of a known or obvious risk that was so great as to make it highly probable that harm would follow" (*Badalamenti v City of New York*, 30 AD3d at 453), "and has done so with conscious indifference to the outcome" (*Saarinen v Kerr*, 84 NY2d at 501; *see Szczerbiak v Pilat*, 90 NY2d 553, 557 [1997]; *Campbell v City of Elmira*, 84 NY2d 505 [1994]; *Puntarich v County of Suffolk*, 47 AD3d at 785; *Daniels v City of New York*, 28 AD3d 415, 416 [2006]).

Here, the defendants City of Mount Vernon and Mount Vernon Police Department (hereinafter together the municipal defendants) established their entitlement to judgment as a matter of law by demonstrating that the police officers operating the vehicle which struck the vehicle in which the infant plaintiffs were passengers was engaged in an emergency operation at the time of the collision (*see* Vehicle and Traffic Law § 114-b), and the officers' conduct did not rise to the level of reckless disregard for the safety of others (*see Puntarich v County of Suffolk*, 47 AD3d at 785; *Daniels v City of New York*, 28 AD3d at 416; *Salzano v Korba*, 296 AD2d 393, 395 [2002]; *Naue v Higgins*, 242 AD2d 567, 568 [1997]; *cf. Badalamenti v City of New York*, 30 AD3d at 453). In opposition, the plaintiffs failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Puntarich v County of Suffolk*, 47 AD3d at 785; *Daniels v City of New York*, 28 AD3d at 416). Accordingly, the Supreme Court properly granted that branch of the municipal defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them. Spolzino, J.P., Balkin, Dickerson and Belen, JJ., concur.