OPINION OF THE COURT
Katherine A. Levine, J.
This case raises the issue of whether the City of New York is immune from liability when a patrol officer operating a vehicle closely pursues a traffic violator at high speed and in the wrong direction without contacting the police dispatcher. For the reasons set forth below this court finds that the City is immune.
On September 26, 2010, at around 10:30 p.m., Police Officer (P.O.) Cuenca (driver) and P.O. Flores, both members of the New York City Police Department, were on patrol traveling in the eastern direction on Empire Boulevard when they observed a vehicle operated by Nashaum Arnett Holmes heading west without its headlights on. Upon observing this, P.O. Cuenca *780 made a U-turn, activated his lights and siren, and started to pursue the vehicle. After initially appearing to slow down, Holmes accelerated and then sped westbound in the eastbound lane, and P.O. Cuenca followed closely behind. P.O. Cuenca did not contact the police dispatcher prior to the pursuit. The roads were wet and it was dark. At first P.O. Cuenca was two car lengths behind Holmes’ vehicle, but when Holmes reached the intersection of Empire Boulevard and Troy Avenue, Cuenca was less than a car length behind. After reaching the intersection, Holmes made a left turn onto Troy Avenue, which is a one-way street, in the wrong direction and collided with plaintiff Sara Fuchs’ vehicle, which was stopped at a red light. Plaintiff sustained injuries.
The City moves for summary judgment dismissing the complaint pursuant to CPLR 3212 claiming that pursuant to Vehicle and Traffic Law § 1104, the City is immune from liability for the actions that P.O. Cuenca took since he was exempt from certain traffic laws and did not evince “reckless disregard for the safety of others” when he pursued Holmes. Vehicle and Traffic Law § 1104 (a) and (b) exempts the drivers of authorized emergency vehicles from the requirements of certain traffic laws, including speed laws and regulations governing directions of movement, when they are involved in an “emergency operation” as defined by Vehicle and Traffic Law § 114-b. This statutory qualified immunity precludes the imposition of liability except where the conduct rises to the level of recklessness (Vehicle and Traffic Law § 1104 [e]).
Plaintiff opposes defendant’s motion on the grounds that the City failed to establish, prima facie, that the P.O. did not act in reckless disregard for the safety of others in proceeding into the intersection where the subject accident occurred, and that there are questions of fact as to whether: (1) the P.O. was engaged in an emergency operation as defined by Vehicle and Traffic Law § 114-b and was afforded the privileges of Vehicle and Traffic Law § 1104 (b) to disobey traffic rules; (2) the P.O.’s admitted failure to abide by the provisions of the New York City Police Department Patrol Guide (Patrol Guide) constituted reckless disregard for the safety of others; and (3) the P.O.’s pursuit was the proximate cause of the accident.*
This court finds that Vehicle and Traffic Law § 1104 affords the City immunity from liability for certain actions taken *781 by the P.O. in pursuing the suspect. Pursuant to Vehicle and Traffic Law § 1104 (a), the first criterion for immunity is that the driver of the authorized emergency vehicle was involved in an “emergency operation,” which Vehicle and Traffic Law § 114-b defines as “pursuing an actual or suspected violator of the law.” Since Holmes drove his car into the lane for oncoming traffic, he was guilty of violating Vehicle and Traffic Law § 1120 (a), which provides that vehicles shall be driven upon the right half of the roadway. Thus, in pursuing Holmes, P.O. Cuenca was clearly involved in an “emergency operation,” and meets the first criterion for Vehicle and Traffic Law § 1104 immunity. Plaintiff has failed to raise a material issue of fact to rebut this.
The second criterion for immunity under Vehicle and Traffic Law § 1104 is that the driver of the emergency vehicle engaged in specific conduct exempted from the rules of the road by Vehicle and Traffic Law § 1104 (b). Any other injury-causing conduct of such a driver is governed by the principles of ordinary negligence. (Kabir v County of Monroe, 16 NY3d 217, 220 [2011].) That P.O. Cuenca exceeded the speed limit and disregarded the rules regarding direction of traffic does not render him reckless or provide an independent basis for liability, as such conduct is specifically exempted pursuant to Vehicle and Traffic Law § 1104 (b) (3) and (4). (Turini v County of Suffolk, 8 AD3d 260, 262 [2d Dept 2004]; Dorsey v City of Poughkeepsie, 275 AD2d 386, 387 [2d Dept 2000].)
Plaintiff nevertheless contends that P.O. Cuenca engaged in nonexempted conduct. P.O. Cuenca’s deposition testimony reveals that he was following at a distance of less than a car length when the Holmes’ vehicle reached the intersection, and that Cuenca was “right behind” Holmes’ vehicle after Holmes made the left turn in the wrong direction and collided with another vehicle. This testimony raises the issue of whether P.O. Cuenca followed Holmes too closely behind and whether such conduct is exempted by Vehicle and Traffic Law § 1104 from the rules of the road. Pursuant to Vehicle and Traffic Law § 1129 (a), a driver of a motor vehicle may not follow another vehicle “more closely than is reasonable and prudent,” depending on the speed and traffic conditions on the road.
This court finds that although the P.O.’s close proximity to Holmes (less than a car length) at the intersection is not specifically exempted pursuant to the language of Vehicle and Traffic Law § 1104, there is an implied proximity exemption pursuant *782 to case law. Whenever a police officer observes a driver posing a threat to public safety, he has the right and duty to use whatever means are necessary, short of recklessness, to “overtake” and stop the offending driver. (Saarinen v Kerr, 84 NY2d 494, 503 [1994]; Powell v City of Mount Vernon, 228 AD2d 572 [2d Dept 1996]; Lorber v Town of Hamburg, 225 AD2d 1062, 1064 [4th Dept 1996]; Dibble v Town of Rotterdam, 234 AD2d 733, 735 [3d Dept 1996].) The common definitions of “overtake” include “to catch up with” and “to catch up with and pass by.” (Merriam-Webster Online Dictionary, overtake [http://merriam-webster.com/dictionary/overtake] [accessed Aug. 10, 2017]; see e.g. Singleton v Cuthbert, 417 SC 555, 560, 790 SE2d 213, 215-216 [SC Ct App 2016].) The definition of “catch up with” means to “move fast enough to join (someone or something that is in front).” (Merriam-Webster Online Dictionary, catch up with [http://www.merriam-webster.com/dictionary/catch_up_with] [accessed Aug. 10, 2017].) Since Holmes’ erratic and dangerous driving posed a threat to the public safety, the P.O. had the right and duty to “overtake” him, i.e., to drive close enough to him to apprehend him. (See also Greenawalt v Village of Cambridge, 67 AD3d 1158, 1160 [3d Dept 2009] [police vehicle’s speed and proximity to suspected lawbreaker alone could not establish liability, especially where there was no evidence that the pursuing officer interfered with the pursued driver’s ability to surrender].)
The third criterion for Vehicle and Traffic Law § 1104 immunity is that the authorized emergency vehicle used the prescribed audible and visual signals. (Vehicle and Traffic Law § 1104 [c].) As there is no dispute that the P.O. activated his lights and siren, plaintiff has failed to raise an issue of fact with regard to this issue.
The fourth criterion for Vehicle and Traffic Law § 1104 immunity is that the driver of the emergency vehicle acted with due regard for the safety of others and did not act in “reckless disregard for the safety of others.” (Vehicle and Traffic Law § 1104 [e].) Plaintiff claims that P.O. Cuenca’s failure to abide by Procedure No. 212-39 of the Patrol Guide (the Procedure), entitled “Vehicle Pursuits,” constitutes reckless disregard. The Procedure requires that upon observing that there is a likelihood that a vehicle pursuit may be imminent, police officers must notify the radio dispatcher at the start of the pursuit, maintain contact, and notify the dispatcher if the vehicle changes direction.
*783 The “reckless disregard” standard requires proof that the officer “intentionally [committed] an act of an unreasonable character in disregard of a known or obvious risk that was so great as to make it highly probable that harm would follow” and “has done so with conscious indifference to the outcome.” (Frezzell v City of New York, 24 NY3d 213, 217 [2014]; Rios v City of New York, 144 AD3d 1011, 1011-1012 [2d Dept 2016]; Daly v County of Westchester, 63 AD3d 988, 989 [2d Dept 2009].) Considering the totality of circumstances, the P.O.’s failure to contact the dispatcher was not reckless. (See Turini v County of Suffolk, 8 AD3d 260, 262 [2d Dept 2004] [police officer’s alleged failure to follow the general standards of care articulated in Suffolk County Police Department’s procedure manual did not provide an independent basis to impose liability upon the defendants]; Teitelhaum v City of New York, 300 AD2d 649, 650 [2d Dept 2002] [police officer’s alleged violation of internal guidelines relating to pursuits failed to establish that his conduct was reckless].)
In view of the fact that Holmes defied the police in refusing to stop and then proceeded to speed into opposing traffic, it was entirely reasonable for P.O. Cuenca to pursue Holmes right away without stopping to call the dispatcher. There is no evidence that the risk of not calling the dispatcher would increase the probability that harm would follow. Furthermore, the duration of the pursuit was very short as it only continued for a block, and there was no opportunity to consider terminating the pursuit. (See Saarinen, 84 NY2d at 503-504 [police officer’s failure to call in to his headquarters until after pursuit was “hardly surprising” in view of “rapidly unfolding flow of events and the extremely short time frame in which the entire incident occurred”].)
The final ground for the City’s motion to dismiss is that Holmes’ actions were the sole proximate cause of the incident. In general, the issue of causation is resolved by the factfinder. (Mercado v Vega, 77 NY2d 918, 920 [1991]; Marinescu v Port Auth. of NY & NJ, 2013 NY Slip Op 32953 [U] [Sup Ct, Queens County 2013]; Sandell v Board of Mgrs. of Parc Vendome Condominium, 2009 NY Slip Op 30428 [U] [Sup Ct, NY County 2009].) However, where the material facts are not in dispute it is within the court’s province to determine as a matter of law whether the defendant is entitled to summary judgment based on causation. (See Mfon v County of Dutchess, 2017 WL 946303, *11, 2017 US Dist LEXIS 33971, *30-31 [SD NY, Mar. 9, 2017, *784 No. 14-CV-6922 (KMK)]; Jones v Albany County Sheriff’s Dept., 123 AD3d 1331, 1335 [3d Dept 2014]; Nurse v City of New York, 56 AD3d 442, 443 [2d Dept 2008].)
Here, the facts are not in dispute and plaintiff has failed to allege facts that could support a finding that the conduct of P.O. Cuenca in pursuing Holmes was a proximate cause of his accident. Plaintiff’s allegations of recklessness—P.O. Cuenca’s and P.O. Flores’ alleged failure to follow the Procedure with regard to contacting the dispatcher, their decision to pursue Holmes without considering the “minor” nature of the offense, and their decision to continue to pursue him in a busy neighborhood—even if established, did not cause the incident. Holmes, in blatant disregard for the safety of others, commenced traveling at a high rate of speed in the wrong direction upon being sighted by police, and made a left turn onto Troy Avenue, which is a one-way street, in the wrong direction and collided with plaintiff’s vehicle. Thus, as a matter of law, this court finds that Holmes’ operation of his vehicle, not the manner in which the police officers conducted their pursuit, was the proximate cause of the accident.
Based on the above, defendant’s motion for summary judgment dismissing the complaint is granted.

 Holmes is inexplicably not a party to this action even though his vehicle hit plaintiff’s vehicle and purportedly caused her injuries.