Scolpini v Town of Greenburgh (2025 NY Slip Op 05982)

Scolpini v Town of Greenburgh

2025 NY Slip Op 05982

Decided on October 29, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 29, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
PAUL WOOTEN
BARRY E. WARHIT
LOURDES M. VENTURA, JJ.

2023-12425
 (Index No. 65870/21)

[*1]Tina Scolpini, respondent, 
v
Town of Greenburgh, et al., defendants, Joseph Falcone, etc., appellant.

Thomas J. Troetti, Rye, NY, for appellant.
Law Office of Michael H. Joseph, PLLC, White Plains, NY (John V. Tait of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Joseph Falcone appeals from an order of the Supreme Court, Westchester County (William J. Giacomo, J.), dated November 3, 2023. The order denied that defendant's motion for summary judgment dismissing the complaint insofar as asserted against him.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendant Joseph Falcone for summary judgment dismissing the complaint insofar as asserted against him is granted.
On June 7, 2020, the plaintiff allegedly was injured when her vehicle collided with a police car operated by the defendant John Falcone (hereinafter the defendant), a police officer employed by the defendant Town of Greenburgh Police Department. At the time of the accident, the defendant, who was responding to a dispatch call, was traveling east attempting to cross an intersection against a red traffic signal when the plaintiff's vehicle, traveling north with a green traffic signal, struck the defendant's vehicle. In November 2021, the plaintiff commenced this action against, among others, the defendant to recover damages for personal injuries. Thereafter, the defendant moved for summary judgment dismissing the complaint insofar as asserted against him on the grounds that he was not at fault in the happening of the accident and that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. In an order dated November 3, 2023, the Supreme Court denied the motion. The defendant appeals.
"Vehicle and Traffic Law § 1104 qualifiedly exempts drivers of emergency vehicles from certain traffic laws when they are involved in an emergency operation, and precludes the imposition of liability for otherwise privileged conduct except where the driver acted in reckless disregard for the safety of others" (Haniff v City of New York, 233 AD3d 948, 949; see Saarinen v Kerr, 84 NY2d 494, 497). "This standard demands more than a showing of a lack of due care under the circumstances—the showing typically associated with ordinary negligence claims. It requires evidence that the actor has intentionally done an act of an unreasonable character in disregard of a known or obvious risk that was so great as to make it highly probable that harm would follow and has done so with conscious indifference to the outcome" (Saarinen v Kerr, 84 NY2d at 501 [internal [*2]quotation marks omitted]; see Haniff v City of New York, 233 AD3d at 949).
Here, the defendant established his prima facie entitlement to judgment as a matter of law by demonstrating that he was involved in an emergency operation at the time of the accident and that his conduct did not rise to the level of reckless disregard for the safety of others (see Haniff v City of New York, 233 AD3d at 949; Daniels v City of New York, 28 AD3d 415, 416). The defendant submitted, inter alia, a transcript of his deposition testimony and the dashcam footage of the accident, which demonstrated that as the defendant approached the intersection where the accident occurred, he slowed to a speed of 5 to 10 miles per hour, activated the lights on his police vehicle, and sounded the vehicle's siren multiple times. In opposition to the defendant's prima facie showing, the plaintiff failed to raise a triable issue of fact.
In light of our determination, we need not reach the parties' remaining contentions.
Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint insofar as asserted against him.
BRATHWAITE NELSON, J.P., WOOTEN, WARHIT and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court