■ DEBORAH A. MCDONOUGH, Appellant, v ELIZABETH M. MULLIGAN et al., Respondents. [3 NYS3d 92]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Dutchess County (Sproat, J.), dated April 8, 2014, as granted the defendants' cross motion for summary judgment dismissing the complaint on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the defendants' cross motion for summary judgment dismissing the complaint is denied.

The defendants failed to meet their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The papers submitted by the defendants failed to adequately address the plaintiff's claims, set forth in the bill of particulars, that she sustained serious injuries to the cervical and thoraco-lumbosacral regions of her spine and to her shoulders, knees, and ankles under the permanent consequential limitation of use and significant limitation of use categories of Insurance Law § 5102 (d) (*see generally Staff v Yshua*, 59 AD3d 614 [2009]), and that she sustained a serious injury under the 90/180-day category of Insurance Law § 5102 (d) (*see Che Hong Kim v Kossoff*, 90 AD3d 969 [2011]).

Since the defendants did not sustain their prima facie burden, it is unnecessary to determine whether the papers submitted by the plaintiff in opposition were sufficient to raise a triable issue of fact (*see id.* at 969). Therefore, the Supreme Court erred in granting the defendants' cross motion for summary judgment dismissing the complaint. Balkin, J.P., Leventhal, Dickerson, Miller and LaSalle, JJ., concur.