■ VINCE GARBUTT et al., Appellants, v UNITED PARCEL SERVICE et al., Respondents. [13 NYS3d 897]—

In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Kings County (Lewis, J.), dated May 31, 2013, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that neither plaintiff sustained a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.

The defendants failed to meet their prima facie burden of showing that the plaintiff Sakhiya Garbutt did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see *Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The documents submitted by the defendants failed to establish, prima facie, that the plaintiff Sakhiya Garbutt did not sustain serious injuries to the cervical and lumbar regions of her spine, to her right shoulder, and to her left knee under the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102 (d) (see *McDonough v Mulligan*, 125 AD3d 616, 616 [2015]), and failed to establish, prima facie, that she did not sustain a serious injury under the 90/180-day category of Insurance Law § 5102 (d) (see *Che Hong Kim v Kossoff*, 90 AD3d 969, 969 [2011]).

Since the defendants did not sustain their prima facie burden in this regard, it is unnecessary to address the sufficiency of the submissions by the plaintiff Sakhiya Garbutt in opposition (*see Che Hong Kim v Kossoff*, 90 AD3d at 969). Therefore, the Supreme Court should have denied that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted by the plaintiff Sakhiya Garbutt.

The defendants did meet their prima facie burden of showing that the plaintiff Vince Garbutt did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d at 352; *Gaddy v Eyler*, 79 NY2d at 956-957). The defendants submitted competent medical evidence establishing, prima facie, that the alleged injuries to the cervical and lumbar regions of his spine did not constitute serious injuries under the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102 (d) (*see Staff v Yshua*, 59 AD3d 614, 614 [2009]). In opposition, however, the plaintiffs raised triable issues of fact as to whether Vince Garbutt sustained serious injuries to the cervical and lumbar regions of his spine (*see Perl v Meher*, 18 NY3d 208, 218-219 [2011]). Thus, the Supreme Court also should have denied that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted by the plaintiff Vince Garbutt. Rivera, J.P., Dickerson, Miller and Duffy, JJ., concur.