██ ELENA RODRIGUEZ, Appellant, v INCORPORATED VILLAGE OF FREEPORT et al., Respondents. [801 NYS2d 352]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Bucaria, J.), dated March 3, 2004, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated.

The manner in which a police officer operates his or her vehicle in responding to an emergency radio bulletin may not form the basis of civil liability to an injured third party unless the officer acted in reckless disregard for the safety of others (*see* Vehicle and Traffic Law § 1104 [e]; *Saarinen v Kerr*, 84 NY2d 494, 501 [1994]; *Molinari v City of New York*, 267 AD2d 436 [1999]). The "reckless disregard" standard requires evidence that the actor intentionally committed an act of an unreasonable character in disregard of a known or obvious risk that was so great as to make it highly probable that harm would follow (*see Szczerbiak v Pilat*, 90 NY2d 553, 557 [1997]; *Saarinen v Kerr, supra* at 501; *Campbell v City of Elmira*, 84 NY2d 505, 510 [1994]).

In opposition to the defendant's prima facie showing of entitlement to summary judgment, the plaintiff demonstrated the existence of a triable issue of fact as to whether the defendant police officer was actually engaged in the "emergency operation" of her patrol car when she allegedly struck the plaintiff while backing up into a parking space (*O'Banner v County of Sullivan*, 16 AD3d 950, 952 [2005]; *see Sweeney v Peterson*, 1 AD3d 650, 651-652 [2003]). Crane, J.P., S. Miller, Goldstein and Lifson, JJ., concur.