■ MARIE BADALAMENTI, Appellant, v CITY OF NEW YORK et al., Respondents. [817 NYS2d 134]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Richmond County (Mega, J.), dated January 24, 2005, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated.

The manner in which a police officer operates his or her vehicle in responding to an emergency call may not form the basis for civil liability to an injured third party unless the officer acted in reckless disregard for the safety of others (*see* Vehicle and Traffic Law § 1104 [e]; *Saarinen v Kerr*, 84 NY2d 494, 501

[1994]; *Rodriguez v Incorporated Vil. of Freeport*, 21 AD3d 1024 [2005]; *Molinari v City of New York*, 267 AD2d 436 [1999]). The "reckless disregard" standard requires proof that the officer intentionally committed an act of an unreasonable character in disregard of a known or obvious risk that was so great as to make it highly probable that harm would follow (*see Szczerbiak v Pilat*, 90 NY2d 553, 557 [1997]; *Saarinen v Kerr, supra* at 501; *Campbell v City of Elmira*, 84 NY2d 505 [1994]).

Here, the parties' evidentiary submissions indicate that the defendant police officer did not stop at the stop sign which controlled the intersection where the accident occurred, that his view of the intersection was partially obstructed by a parked truck, and that he accelerated his speed upon entering the intersection. In addition, there are disputed issues of fact as to whether the defendant police officer activated the turret lights and siren on his vehicle before proceeding into the intersection. Under these circumstances, the defendants are not entitled to judgment as a matter of law on the issue of whether the defendant police officer was operating his vehicle in reckless disregard for others at the time of the accident (*see Campbell v City of Elmira, supra; Lupole v Romano*, 307 AD2d 697 [2003]; *Luca v Town of Crawford*, 294 AD2d 410 [2002]; *Baines v City of New York*, 269 AD2d 309 [2000]; *Gordon v County of Nassau*, 261 AD2d 359 [1999]; *cf. Salzano v Korba*, 296 AD2d 393 [2002]). Prudenti, P.J., Florio, Krausman and Mastro, JJ., concur.