■ ALBERT LLOYD SHEPHARD et al., Respondents, v CITY OF NEW YORK, Appellant, and JOHN J. ZORDAN et al., Respondents. [835 NYS2d 297]—

In an action to recover damages for personal injuries, etc., the defendant City of New York appeals from an order of the Supreme Court, Kings County (Jacobson, J.), dated January 6, 2006, which denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendant City of New York for summary judgment dismissing the complaint and all cross claims insofar as asserted against it is granted.

"The manner in which a police officer operates his or her vehicle in responding to an emergency call may not form the basis for civil liability to an injured third party unless the officer acted in reckless disregard for the safety of others" (*Badalamenti v City of New York,* 30 AD3d 452, 452 [2006]; *see Saarinen v Kerr,* 84 NY2d 494, 501 [1994]; *Rodriguez v Incorporated Vil. of Freeport,* 21 AD3d 1024 [2005]; *Turini v County of Suffolk,* 8 AD3d 260 [2004]; *Molinari v City of New York,* 267 AD2d 436 [1999]; Vehicle and Traffic Law § 1104 [e]). "The 'reckless disregard' standard requires proof that the officer intentionally committed an act of an unreasonable character

in disregard of a known or obvious risk that was so great as to make it highly probable that harm would follow" (*Badalamenti v City of New York, supra* at 453).

Here, the City established its prima facie entitlement to judgment as a matter of law by demonstrating that the police officers' conduct did not rise to the level of reckless disregard for the safety of others. In opposition, the plaintiffs failed to raise a triable issue of fact (*see Teitelbaum v City of New York*, 300 AD2d 649, 650 [2002]; *Demutiis v City of New York*, 253 AD2d 734 [1998]; *DeLeonardis v Port Wash. Police Dist.*, 237 AD2d 322 [1997]; *Young v Village of Lynbrook*, 234 AD2d 455 [1996]; *Powell v City of Mount Vernon*, 228 AD2d 572 [1996]; *cf. Spalla v Village of Brockport*, 295 AD2d 900 [2002]). Accordingly, the City's motion for summary judgment should have been granted. Miller, J.P., Ritter, Covello and McCarthy, JJ., concur.