■ Jason E. Puntarich, Respondent, v County of Suffolk et al., Appellants. [850 NYS2d 182]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Suffolk County (Tanenbaum, J.), dated July 24, 2006, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.

The manner in which a police officer operates his or her vehicle in an emergency situation may not form the basis for civil liability to an injured third party unless the officer acted in reckless disregard for the safety of others (*see* Vehicle and Traffic Law § 1104 [a], [b], [e]; *Shephard v City of New York*, 39 AD3d 842 [2007], *lv denied* 9 NY3d 816 [2007]; *DeLuca v Blanco*, 31 AD3d 600, 601 [2006]; *Badalamenti v City of New York*, 30 AD3d 452 [2006]). "The 'reckless disregard' standard requires proof that the officer intentionally committed an act of an unreasonable character in disregard of a known or obvious risk that was so great as to make it highly probable that harm would follow" (*Badalamenti v City of New York*, 30 AD3d at 453; *see Saarinen v Kerr*, 84 NY2d 494, 501 [1994]). This standard requires a showing of more than a momentary lapse in judgment (*see Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]; *Saarinen v Kerr*, 84 NY2d at 502; *Salzano v Korba*, 296 AD2d 393, 394 [2002]).

Here, the defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that the police officer operating the vehicle which struck the plaintiff was engaged in an emergency operation at the time of the collision (*see* Vehicle and Traffic Law § 114-b), and that the officer's conduct did not rise to the level of reckless disregard for the safety of others (*see Salzano v Korba*, 296 AD2d at 395; *Naue v Higgins*, 242 AD2d 567, 568 [1997]; *cf. Badalamenti v City of New York*, 30 AD3d at 453; *Gordon v County of Nassau*, 261 AD2d 359 [1999]). In opposition, the plaintiff failed to raise a triable issue of fact (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint. Santucci, J.P., Lifson, Covello and McCarthy, JJ., concur.