■ LATASHA RYAN, Respondent, v TOWN OF SMITHTOWN et al., Appellants. [854 NYS2d 483]—

This action arises from a collision between a vehicle driven by

the plaintiff and a dump truck owned by the defendants Town of Smithtown and Smithtown Highway Department and operated by the defendant John V. Iannuzzi. At the time of the accident, the dump truck was being used to spread sand on a roadway during a snowfall, and thus the truck was "actually engaged in work on a highway," as contemplated by Vehicle and Traffic Law § 1103 (b). Accordingly, the defendants may be held liable only if Iannuzzi acted in "reckless disregard for the safety of others" (Vehicle and Traffic Law § 1103 [b]; *see Riley v County of Broome,* 95 NY2d 455, 466 [2000]).

At his deposition, Iannuzzi testified that the dump truck had been stationary for "maybe 20 seconds" at the time of the collision, and that the truck was equipped with backup lights and a beeping device that would sound when the truck was driven in reverse, both of which were operational on the day of the accident. However, at a hearing pursuant to General Municipal Law § 50-h, the plaintiff testified that as she proceeded through an intersection with a green light in her favor, the dump truck, which was situated on the intersecting street, backed up into her path of travel, causing her vehicle to collide with it. According to the plaintiff, she neither observed any illuminated reverse lights nor heard any warning sound as the truck backed up.

Thus, in response to the defendants' prima facie showing of their entitlement to judgment as a matter of law, the plaintiff raised a triable issue of fact as to whether Iannuzzi operated the truck with reckless disregard for the safety of others (*see Riley v County of Broome,* 95 NY2d at 466; *Badalamenti v City of New York,* 30 AD3d 452 [2006]). Accordingly, the Supreme Court properly denied the defendants' motion for summary judgment dismissing the complaint. Prudenti, P.J., Miller, Dillon and McCarthy, JJ., concur.