■ JOSEPH L. WOODARD, Appellant, v DARRELL K. THOMAS et al., Respondents. [913 NYS2d 103]—

In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Jacobson, J.), dated April 24, 2009, which, upon an order of the same court dated January 8, 2009, granting the defendants' motion for summary judgment dismissing the complaint and, in effect, denying his cross motion to strike the defendants' answer or to compel discovery, is in favor of the defendants and against him dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

The manner in which an authorized emergency vehicle is operated in an emergency situation may not form the basis for civil liability unless the driver acted in reckless disregard for the safety of others (*see* Vehicle and Traffic Law § 1104; *Saarinen v Kerr*, 84 NY2d 494, 501 [1994]; *Puntarich v County of Suffolk*, 47 AD3d 785, 786 [2008]; *Shephard v City of New York*, 39 AD3d 842 [2007]). " 'The "reckless disregard" standard requires proof that the [driver] intentionally committed an act of an unreasonable character in disregard of a known or obvious risk that was so great as to make it highly probable that harm would follow' " (*Puntarich*, 47 AD3d at 786; *see Saarinen v Kerr*, 84 NY2d at 501; *Shephard*, 39 AD3d at 842; *Badalamenti v City of New York*, 30 AD3d 452, 453 [2006]).

Here, the defendants established their prima facie entitlement to judgment as a matter of law. They demonstrated that, at the time of the collision between the vehicle operated by the plaintiff and the ambulance operated by the defendant Darrell K. Thomas and owned by the defendant Associated Ambulance Service, Inc., doing business as American Medical Response, Thomas was "engaged in transporting a sick . . . person," such that he was engaged in an "[e]mergency operation" as defined by statute (Vehicle and Traffic Law § 114-b; *see Criscione v City of New York*, 97 NY2d 152, 157-158 [2001]). The defendants further demonstrated that, even assuming that the ambulance entered the intersection in which the accident occurred against the traffic light, Thomas' conduct did not rise to the level of reckless disregard for the safety of others (*see Puntarich*, 47 AD3d at 786; *Shephard*, 39 AD3d at 843; *Salzano v Korba*, 296 AD3d 393, 394 [2002]). Notably, the defendants' evidence demonstrated that Thomas slowed down and looked both ways as he approached the intersection with the ambulance's emergency lights and siren activated (*see Daniels v City of New York*, 28

AD3d 415 [2006]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Puntarich*, 47 AD3d at 786; *Shephard*, 39 AD3d at 843).

Further, contrary to the plaintiff's contention, the defendants' motion for summary judgment dismissing the complaint was not premature as the plaintiff "failed to offer an evidentiary basis to suggest that [further] discovery may lead to relevant evidence" (*Conte v Frelen Assoc., LLC*, 51 AD3d 620, 621 [2008]; *see Lopez v WS Distrib., Inc.*, 34 AD3d 759 [2006]; *Ruttura & Sons Constr. Co. v Petrocelli Constr.*, 257 AD2d 614, 615 [1999]). The "mere hope or speculation that evidence sufficient to defeat a motion for summary judgment may be uncovered" by further discovery is an insufficient basis for denying the motion (*Lopez v WS Distrib. Inc.*, 34 AD3d at 760; *see Conte v Frelen Assoc.*, 51 AD3d at 621; *Min Whan Ock v City of New York*, 34 AD3d 542 [2006]).

In light of our determination, we need not reach the plaintiff's remaining contentions. Rivera, J.P., Skelos, Chambers and Roman, JJ., concur.