■ Natasha Hemingway et al., Appellants, v City of New York et al., Respondents. [916 NYS2d 167]—

In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Queens County (Orlikoff-Flug, J.), dated June 25, 2010, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

This case involves a motor vehicle accident which occurred on September 10, 2007, in Queens County, at the intersection of 153rd Street and 119th Avenue. A car driven by the plaintiff Natasha Hemingway was struck by a fire truck owned by the defendant City of New York and operated by the defendant firefighter Michael Whalen. At the time of the incident, Whalen was responding to an emergency fire call with the horns and sirens of the fire truck activated. After the impact, in compliance with New York City Fire Department protocol, Whalen stopped his vehicle, aborted his response to the emergency call, and radioed the dispatcher to advise that he and those in the subject emergency vehicle could not proceed to the emergency, requiring another fire company to respond to the call.

The manner in which an authorized emergency vehicle is operated in an emergency situation may not form the basis for civil liability absent evidence that the driver acted in reckless disregard for the safety of others (*see* Vehicle and Traffic Law § 1104; *Saarinen v Kerr*, 84 NY2d 494, 501 [1994]). "The reckless disregard standard requires proof that the [driver]

intentionally committed an act of an unreasonable character in disregard of a known or obvious risk that was so great as to make it highly probable that harm would follow" (*Puntarich v County of Suffolk*, 47 AD3d 785, 786 [2008] [internal quotation marks omitted]).

The defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that, at the time of the collision between the vehicle operated by Hemingway and the fire truck operated by Whalen, the defendants were engaged in an "[e]mergency operation" (Vehicle and Traffic Law § 114-b; *see Criscione v City of New York*, 97 NY2d 152, 158 [2001]), and that Whalen slowed down as he entered the turn at the intersection with the fire truck's horn and sirens activated (*see Woodard v Thomas*, 77 AD3d 738 [2010]). In opposition, the plaintiffs failed to raise a triable issue of fact (*id.*).

Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint. Angiolillo, J.P., Hall, Roman and Cohen, JJ., concur.