■ AMRO M. ELNAKIB, Respondent, v COUNTY OF SUFFOLK et al., Appellants. [934 NYS2d 223]—

To succeed on a motion for judgment as a matter of law pursuant to CPLR 4401, a defendant has the burden of showing

that there is no rational process by which the jury could find in favor of the plaintiff and against the moving defendant (*see Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]; *Velez v Goldenberg*, 29 AD3d 780, 781 [2006]). In determining whether the defendant has met this burden, a court must accept the plaintiff's evidence as true and accord the plaintiff the benefit of every reasonable inference which can reasonably be drawn from the evidence presented at trial (*id.* at 781; *see Doland v Stephenson*, 89 AD3d 789 [2011]; *Wong v Tang*, 2 AD3d 840 [2003]). "The manner in which a police officer operates his or her vehicle in an emergency situation may not form the basis for civil liability to an injured third party unless the officer acted in reckless disregard for the safety of others" (*Puntarich v County of Suffolk*, 47 AD3d 785, 786 [2008]; *see* Vehicle and Traffic Law § 1104 [e]; *Badalamenti v City of New York*, 30 AD3d 452, 453 [2006]). "The 'reckless disregard' standard requires proof that the officer intentionally committed an act of an unreasonable character in disregard of a known or obvious risk that was so great as to make it highly probable that harm would follow" (*Badalamenti v City of New York*, 30 AD3d at 453; *see Saarinen v Kerr*, 84 NY2d 494, 501 [1994]; *Puntarich v County of Suffolk*, 47 AD3d 785 [2008]).

Here, on the evidence adduced at trial, there was a rational process by which the jury could find that the defendant Officer Peter G. Cunneen acted with reckless disregard for the safety of others by driving through a stop sign at a view-obstructed intersection at a high rate of speed, striking the plaintiff's vehicle. Although Cunneen testified at trial that he slowed down before entering the intersection, the plaintiff and the nonparty witness—who observed the accident from his front yard—both testified that Cunneen was traveling at approximately 50 miles per hour and did not slow down as he drove through the stop sign (*see Szczerbiak v Pilat*, 90 NY2d at 556). Accordingly, the Supreme Court properly denied the defendants' motion pursuant to CPLR 4401 for judgment as a matter of law made at the close of evidence.

The defendants' remaining contention is unpreserved for appellate review, as they failed to object to the introduction into evidence of the Suffolk County Police Department's rules and procedures regarding vehicular pursuits on the grounds they now raise on appeal (*see* CPLR 5501; *Palmer v CSX Transp., Inc.*, 68 AD3d 1626, 1627-1628 [2009]; *see also Volino v Long Is. R.R. Co.*, 83 AD3d 693 [2011]). Skelos, J.P., Balkin, Eng and Sgroi, JJ., concur.