■ Anne L. Ryan, as Administratrix of the Estate of William Anthony Stone, et al., Respondents, v Town of Riverhead et al., Appellants, and Riverhead Volunteer Ambulance Corp., Inc., Respondent, et al., Defendants. [985 NYS2d 584]—

In a consolidated action to recover damages for personal injuries, the defendants Town of Riverhead and Eric Maas appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Rebolini, J.), dated January 3, 2013, as denied that branch of their motion which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against the Town of Riverhead, denied that

branch of their motion which was for summary judgment dismissing the complaint insofar as asserted by the plaintiff Glenn Meyer, as executor of the estate of Joseph Wowak, against Eric Maas, and granted the cross motion of the plaintiff Glenn Meyer, as executor of the estate of Joseph Wowak, for leave to amend the complaint and the bill of particulars to add a cause of action alleging a violation of Vehicle and Traffic Law § 1104 against the Town of Riverhead and Eric Maas.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion of the defendants Town of Riverhead and Eric Maas which was for summary judgment dismissing the complaint insofar as asserted against the Town of Riverhead by the plaintiffs Anne L. Ryan, as administrator of the estate of William Stone, and Anne L. Ryan, individually, and June Behr, as administrator of the estate of Heidi Behr, and June Behr, individually, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

This appeal arises out of an automobile accident that occurred on the afternoon of May 3, 2005, on Route 25, a two-way road running east and west, in the Town of Riverhead. An ambulance operated by the defendant Eric Maas, a member of the defendant Riverhead Volunteer Ambulance Corp. (hereinafter the VAC), and owned by the Town of Riverhead, was driving in the westbound lane and carrying Joseph Wowak, a patient, and William Stone and Heidi Behr, both emergency medical technicians and members of the VAC, when it swerved to avoid a dump truck driven by the defendant John White in the westbound lane ahead of it. The ambulance collided with a tree on the side of the road. As a result, Wowak was injured and Stone and Behr were killed.

Wowak commenced this action against Maas and the Town (hereinafter together the Town defendants), the VAC, and White to recover damages for injuries he sustained in the accident. Subsequently, Wowak died of unrelated causes and the plaintiff Glenn Meyer was appointed as executor of his estate (hereinafter the Wowak estate). The plaintiff Anne L. Ryan, individually and in her capacity as administrator of Stone's estate, and the plaintiff June Behr, individually and in her capacity as administrator of Heidi Behr's estate, each commenced separate actions against the Town defendants and White and his business, Wine Services, Inc. The defendants cross-claimed against one another.

The Town defendants moved for summary judgment dismissing the complaints and all cross claims insofar as asserted

against them on the grounds, inter alia, that Ryan's and Behr's claims were barred by the exclusivity provision of the Volunteer Ambulance Workers' Benefit Law § 19, that Maas was engaged in an emergency operation pursuant to Vehicle and Traffic Law § 1104 at the time of the accident and a DMV determination after an investigatory hearing that Maas was not reckless collaterally estopped the plaintiffs from relitigating that issue, and that Maas was confronted with an emergency situation not of his own making when White suddenly made a left turn in front of the ambulance without signaling and in violation of his obligation to yield the right-of-way. Thereafter, the Wowak estate cross-moved for leave to amend its complaint and bill of particulars to add a cause of action against the Town defendants alleging that Maas acted with reckless disregard for the safety of others in violation of Vehicle and Traffic Law § 1104.

In the order appealed from, the Supreme Court, inter alia, consolidated the three actions for purposes of deciding the motion and cross motion, denied that branch of the Town defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the Town, denied that branch of the Town defendants' motion which was for summary judgment dismissing the complaint insofar as asserted by the Wowak estate against Maas, and granted the Wowak estate's cross motion for leave to amend the complaint and its bill of particulars to assert a cause of action against the Town defendants alleging that Maas's conduct violated Vehicle and Traffic Law § 1104.

The Supreme Court should have awarded summary judgment dismissing the complaint insofar as asserted against the Town by Ryan and Behr. Since Ryan and Behr seek to recover damages in their capacities as the administrators of their decedents' estates and in their individual capacities as persons "entitled to recover damages" on account of line-of-duty injuries sustained by their decedents while serving as volunteer ambulance workers, and the Town is among those entities protected by the statute, Ryan's and Behr's causes of action insofar as asserted against the Town are barred by the exclusivity provision of the Volunteer Ambulance Workers' Benefit Law § 19 (see *Brady v Village of Malverne*, 76 AD3d 691, 692 [2010]). Contrary to Ryan's and Behr's contentions, they failed to raise a triable issue of fact as to whether the Town fell into the category of a "political subdivision regularly served" by their decedents' ambulance company (Volunteer Ambulance Workers' Benefit Law § 19 [2]; see Volunteer Ambulance Workers' Benefit Law § 3 [10]; *Raffone v Town of Islip*, 85 AD2d 597, 598 [1981]).

"Leave to amend the pleadings 'shall be freely given' absent prejudice or surprise resulting directly from the delay" (*Mc-Caskey, Davies & Assoc. v New York City Health & Hosps. Corp.*, 59 NY2d 755, 757 [1983], quoting CPLR 3025 [b]). Inasmuch as the Wowak estate's claim that the Town defendants violated Vehicle and Traffic Law § 1104 was based on the same allegations contained in its original pleadings and notice of claim, and given that the Town defendants had already asserted an affirmative defense based on the same statute, the Supreme Court did not improvidently exercise its discretion in granting the Wowak estate's cross motion for leave to amend its pleadings to allege a violation of Vehicle and Traffic Law § 1104 (*see Perlak v Sollin*, 291 AD2d 540, 541 [2002]; *cf. Trowell v New York City Health & Hosps. Corp.*, 305 AD2d 583, 584 [2003]; *Mazzilli v City of New York*, 154 AD2d 355, 357 [1989]).

That branch of the Town defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them by the Wowak estate was properly denied. The Town defendants established their prima facie entitlement to judgment as a matter of law based on Vehicle and Traffic Law § 1104 by demonstrating that Maas, as the driver of the ambulance, was involved in an emergency operation and engaged in conduct specifically exempted from the rules of the road by the statute, and that he did not act with reckless disregard for the safety of others (*see* Vehicle and Traffic Law § 1104; *Spencer v Astralease Associated, Inc.*, 89 AD3d 530, 531 [2011]; *Woodard v Thomas*, 77 AD3d 738, 739 [2010]). However, in opposition, the Wowak estate raised a triable issue of fact with respect to whether "audible signals [were] sounded from [the ambulance] as [was] reasonably necessary" as required for the exemptions set forth in Vehicle and Traffic Law § 1104 (b) to apply (Vehicle and Traffic Law § 1104 [c]; *see Abood v Hospital Ambulance Serv.*, 30 NY2d 295, 298-300 [1972]; *Felice v Gershkon*, 34 AD2d 1008, 1009 [1970]; *cf. Spencer v Astralease Associated, Inc.*, 89 AD3d at 531; *Woodard v Thomas*, 77 AD3d at 739). The Wowak estate also raised a triable issue of fact as to whether Maas acted with reckless disregard for the safety of others during the emergency operation of the ambulance. Viewing the evidence in the light most favorable to the Wowak estate as the nonmoving party (*see Pearson v Dix McBride, LLC*, 63 AD3d 895 [2009]), we cannot conclude, as a matter of law, that Maas's conduct amounted to a mere momentary lapse of judgment (*cf. Rockland Coaches, Inc. v Town of Clarkstown*, 49 AD3d 705, 707 [2008]).

Under the principles of ordinary negligence, the Town de-

fendants established their prima facie entitlement to judgment as a matter of law by submitting a transcript of Maas's deposition testimony, in which he testified that he was faced with an emergency situation not of his own making when the dump truck proceeding in the same lane ahead of the ambulance made a sudden left turn in front of it without signaling and in violation of the truck's obligation pursuant to Vehicle and Traffic Law § 1144 (a) to yield the right-of-way, and that Maas had only seconds to react (*see Harris v Linares*, 106 AD3d 873, 873-874 [2013]; *Vainer v DiSalvo*, 79 AD3d 1023, 1024 [2010]; *Miloscia v New York City Bd. of Educ.*, 70 AD3d 904, 905 [2010]). However, in opposition, the Wowak estate raised triable issues of fact at to whether Maas had sufficient time to appreciate and respond to the risk of the collision and failed to use reasonable care to avoid it (*see Caristo v Sanzone*, 96 NY2d 172, 175 [2001]; *Yelder v Walters*, 64 AD3d 762, 764 [2009]; *Kleynerman v NIR Express Cab Corp.*, 29 AD3d 640 [2006]; *Makagon v Toyota Motor Credit Corp.*, 23 AD3d 443, 444 [2005]; cf. *Rahimi v Manhattan & Bronx Surface Tr. Operating Auth.*, 43 AD3d 802, 803 [2007]), and whether Maas was driving at an excessive rate of speed. There is no merit to the Town defendants' contention that the accident reconstruction report concluding that the ambulance was traveling more than 30 miles per hour over the posted speed limit just before the crash was in inadmissible form and could not properly be considered in opposition to their motion. Mastro, J.P., Chambers, Lott and Duffy, JJ., concur. ▮