■ Raizy Pollak, Appellant, v Maimonides Medical Center et al., Respondents. [25 NYS3d 646]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Bayne, J.), dated April 22, 2015, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.

"[T]he driver of an 'authorized emergency vehicle' engaged in an 'emergency operation' is exempt from certain 'rules of the road' under Vehicle and Traffic Law § 1104" (*Criscione v City of New York*, 97 NY2d 152, 156 [2001]; *see Kabir v County of Monroe*, 16 NY3d 217, 222-224 [2011]; *Mouzakes v County of Suffolk*, 94 AD3d 829 [2012]). The manner in which an operator of an authorized emergency vehicle operates the vehicle in an emergency situation may not form the basis for civil liability to an injured third party unless the operator acted in reckless disregard for the safety of others (*see* Vehicle and Traffic Law § 1104 [e]; *Saarinen v Kerr*, 84 NY2d 494, 501 [1994]; *Mouring v City of New York*, 112 AD3d 588, 589 [2013]; *Rincon v Dusenbury*, 106 AD3d 974 [2013]; *Quintana v Wallace*, 95 AD3d 1287 [2012]). "The 'reckless disregard' standard requires proof that the [operator] intentionally committed an act of an unreasonable character in disregard of a known or obvious risk

that was so great as to make it highly probable that harm would follow" (*Ferrara v Village of Chester*, 57 AD3d 719, 720 [2008]; *see Campbell v City of Elmira*, 84 NY2d 505, 510 [1994]; *Miller v Suffolk County Police Dept.*, 105 AD3d 918 [2013]; *Woodard v Thomas*, 77 AD3d 738, 739 [2010]).

Here, in moving for summary judgment dismissing the complaint, the defendants failed to meet their initial burden of establishing their prima facie entitlement to judgment as a matter of law. In support of the motion, the defendants submitted, inter alia, the deposition testimony of the plaintiff, which raised triable issues of fact as to whether the defendant ambulance driver had the right of way when he entered the intersection, whether he had activated the ambulance sirens and lights, and whether he operated his vehicle in reckless disregard for the safety of others (*see Corallo v Martino*, 58 AD3d 792, 793 [2009]; *Burrell v City of New York*, 49 AD3d 482, 483 [2008]; *Badalamenti v City of New York*, 30 AD3d 452, 453 [2006]; *see also Ryan v Town of Riverhead*, 117 AD3d 707, 710 [2014]). Since the defendants failed to meet their initial burden as the movants, it is unnecessary to review the sufficiency of the plaintiff's opposition papers.

Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint. Leventhal, J.P., Chambers, Sgroi and Barros, JJ., concur.