■ SHLOMO SHALOM et al., Respondents, v EAST MIDWOOD VOLUNTEER AMBULANCE CORP. et al., Appellants. [29 NYS3d 457]—

In an action, inter alia, to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Bunyan, J.), dated July 16, 2014, which denied their motion for summary judgment dismissing the complaint on the issue of liability and for summary judgment dismissing the complaint insofar as asserted by the plaintiff

Shlomo Shalom on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is affirmed, with costs.

On July 7, 2010, the plaintiff Shlomo Shalom and the defendant Mark Urman were involved in a motor vehicle collision at the intersection of Avenue M and Coney Island Avenue in Brooklyn. Urman, who was driving an ambulance en route to an emergency, testified at his deposition that he had activated the ambulance's lights and siren before he started driving and that the lights and siren remained on as he approached the intersection. In an affidavit, Urman's partner also stated that the siren and lights were activated before the accident. Urman testified that he brought the ambulance to a full stop before entering the intersection and that, after checking traffic in both directions, he proceeded to make a right turn onto Avenue M when he collided with Shalom's vehicle. Shalom testified at his deposition that he did not hear any sirens or see any flashing emergency lights prior to the accident. Shalom's passenger, the plaintiff Inbal Zaldetti, testified at her deposition that she did hear sirens before the accident but did not see any flashing emergency lights. Both Shalom and Zaldetti testified that they did not see the ambulance before the collision.

The plaintiffs thereafter commenced this action, inter alia, to recover damages for their alleged personal injuries. The defendants moved for summary judgment dismissing the complaint on the ground that they could not be held liable because Urman did not act in reckless disregard for the safety of others. They also moved for summary judgment dismissing the complaint insofar as asserted by Shalom on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident. The Supreme Court denied the defendants' motion, finding that there were issues of fact as to both liability and serious injury. The defendants appeal.

The Supreme Court properly denied that branch of the defendants' motion which was for summary judgment dismissing the complaint on the ground that they could not be held liable. "The manner in which an authorized emergency vehicle is operated in an emergency situation may not form the basis for civil liability unless the driver acted in reckless disregard for the safety of others" (*Woodard v Thomas*, 77 AD3d 738, 739 [2010]; *see* Vehicle and Traffic Law § 1104). This standard requires proof that the driver intentionally committed an act of an unreasonable character while disregarding a known or obvious

risk that was so great as to make it highly probable that harm would follow (see *Woodard v Thomas*, 77 AD3d at 739; *Puntarich v County of Suffolk*, 47 AD3d 785, 786 [2008]). However, Vehicle and Traffic Law § 1104 (c) states that "the exemptions herein granted to an authorized emergency vehicle shall apply only when audible signals are sounded from any said vehicle while in motion by bell, horn, siren, electronic device or exhaust whistle as may be reasonably necessary, and when the vehicle is equipped with at least one lighted lamp so that from any direction, under normal atmospheric conditions from a distance of five hundred feet from such vehicle, at least one red light will be displayed and visible." In support of their motion, the defendants submitted the deposition testimony of Urman, Shalom, and Zaldetti. This evidence failed to eliminate issues of fact as to whether Urman had activated the ambulance's siren and lights prior to the accident (see *Ryan v Town of Riverhead*, 117 AD3d 707, 710 [2014]; *Corallo v Martino*, 58 AD3d 792, 793 [2009]; cf. *Woodard v Thomas*, 77 AD3d at 739). Thus, the defendants failed to meet their prima facie burden.

The Supreme Court also properly denied that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted by Shalom on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). The defendants met their prima facie burden of showing that Shalom did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see *Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The defendants submitted competent medical evidence establishing, prima facie, that the alleged injury to the lumbar region of Shalom's spine did not constitute a serious injury under the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102 (d) (see *Staff v Yshua*, 59 AD3d 614 [2009]). In opposition, however, the plaintiffs raised a triable issue of fact as to whether Shalom sustained a serious injury to the lumbar region of his spine (see *Perl v Meher*, 18 NY3d 208, 218-219 [2011]). Rivera, J.P., Hall, Cohen and Hinds-Radix, JJ., concur.