■ WILLIAM BRYAN et al., Appellants, v CITY OF LONG BEACH et al., Respondents. [29 NYS3d 525]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Galasso, J.), dated April 14, 2014, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that they were not liable for the injuries sustained by the plaintiff William Bryan, and on the ground that the plaintiff William Bryan did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.

On November 30, 2011, the plaintiff William Bryan (hereinafter William) and the defendant Michael Geller were involved in a motor vehicle collision at the intersection of National Boulevard and West Park Avenue in Long Beach. Geller's. vehicle was owned by the defendant City of Long Beach. Thereafter, William, and his wife suing derivatively, com-

menced this negligence action against Geller and the City of Long Beach.

The defendants moved for summary judgment dismissing the complaint on the grounds that they were not liable for William's injuries and, in any event, William did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident. In support of the motion, the defendants submitted a transcript of the deposition testimony of Geller, a fire lieutenant, who stated that he was responding to a fire alarm at the time of the accident. He testified that he brought his vehicle to a stop before red lights at two intersections, checked the traffic, and proceeded through the intersections after he determined that it was safe to do so. He also testified that as he approached the intersections, the siren and lights on his vehicle were on. The defendants also submitted a transcript of the deposition testimony of William, who testified that, prior to the impact, he did not hear any sirens, and did not see any flashing lights.

In the order appealed from, the Supreme Court granted the defendants' motion for summary judgment dismissing the complaint on the ground that William did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident, and on the ground that the defendants were not liable for William's injuries. The plaintiffs appeal.

The Supreme Court erred in granting that branch of the defendants' motion which was for summary judgment dismissing the complaint on the ground that they were not liable for William's injuries. "The manner in which an authorized emergency vehicle is operated in an emergency situation may not form the basis for civil liability unless the driver acted in reckless disregard for the safety of others" (*Woodard v Thomas*, 77 AD3d 738, 739 [2010]; *see* Vehicle and Traffic Law § 1104). This standard requires proof that the driver intentionally committed an act of an unreasonable character, while disregarding a known or obvious risk that was so great as to make it highly probable that harm would follow (*see Woodard v Thomas*, 77 AD3d at 739; *Puntarich v County of Suffolk*, 47 AD3d 785, 786 [2008]). However, Vehicle and Traffic Law § 1104 (c) states that "the exemptions herein granted to an authorized emergency vehicle shall apply only when audible signals are sounded from any said vehicle while in motion by bell, horn, siren, electronic device or exhaust whistle as may be reasonably necessary, and when the vehicle is equipped with at least one lighted lamp so that from any direction, under normal atmospheric conditions

from a distance of five hundred feet from such vehicle, at least one red light will be displayed and visible." In support of their motion, the defendants submitted the deposition testimony of both Geller and William. This evidence failed to eliminate all triable issues of fact as to whether Geller had activated his vehicle's siren and lights prior to the accident (*see Ryan v Town of Riverhead*, 117 AD3d 707, 710 [2014]; *Burrell v City of New York*, 49 AD3d 482, 483 [2008]; *cf. Woodard v Thomas*, 77 AD3d at 739). Thus, the defendants failed to meet their prima facie burden.

The Supreme Court further erred in granting that branch of the defendants' motion which was for summary judgment dismissing the complaint on the ground that William did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident. The defendants failed to meet their prima facie burden on this branch of their motion, as the papers submitted by the defendants in support of their motion failed to adequately address the plaintiffs' claims, set forth in the bill of particulars, that William sustained serious injuries to his head and brain (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]; *cf. Staff v Yshua*, 59 AD3d 614 [2009]).

Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint. Chambers, J.P., Austin, Roman and Duffy, JJ., concur.