■ Adalgisa Bonafede, as Administratrix of the Estate of Christopher Bonafede, Deceased, Appellant, v Anthony Bonito et al., Respondents. [43 NYS3d 523]—

In an action to recover damages for personal injuries, the

plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Baily-Schiffman, J.), dated September 17, 2015, as granted that branch of the defendants' motion which was for summary judgment dismissing the complaint on the issue of no liability.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the defendants' motion which was for summary judgment dismissing the complaint on the issue of no liability is denied, the determination in the order, in effect, denying, as academic, that branch of the defendants' motion which was for summary judgment dismissing the complaint on the alternative ground that the plaintiff's decedent did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident is vacated, and that branch of the motion is denied on the merits.

On July 2, 2011, at the intersection of 19th Avenue and 65th Street in Brooklyn, the plaintiff's decedent's vehicle collided with an ambulance driven by the defendant Anthony Bonito and owned by the defendant American Medical Response. The defendants moved for summary judgment dismissing the complaint on the issue of no liability and on the alternative ground that the plaintiff's decedent did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident. The Supreme Court granted that branch of the motion which was for summary judgment dismissing the complaint on the issue of no liability, and the plaintiff appeals.

Contrary to the defendants' contention, they failed to establish, prima facie, that they were entitled to judgment as a matter of law dismissing the complaint on the issue of no liability. The evidence submitted by the defendants failed to eliminate triable issues of fact as to whether the ambulance's sirens were activated at the time of the accident, so as to give rise to the privilege to proceed against a red signal light (see Vehicle and Traffic Law § 1104 [b], [c]; *Abood v Hospital Ambulance Serv.*, 30 NY2d 295, 299 [1972]). Accordingly, the Supreme Court should have denied that branch of the defendants' motion (see *Shalom v East Midwood Volunteer Ambulance Corp.*, 138 AD3d 724, 726 [2016]; *Pollak v Maimonides Med. Ctr.*, 136 AD3d 1008, 1009 [2016]; *Ryan v Town of Riverhead*, 117 AD3d 707, 710 [2014]).

Since the Supreme Court awarded summary judgment to the defendants on the issue of no liability, the court, in effect, denied, as academic, the alternative branch of the defendants'

motion which was for summary judgment dismissing the complaint on the ground that the plaintiff's decedent did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident. As the issue has been fully briefed by the parties, we address the merits of that branch of the defendants' motion in the first instance in the interest of judicial economy (*see Wright v Meyers & Spencer, LLP*, 46 AD3d 805 [2007]).

The defendants' expert's conclusory opinion that significantly diminished ranges of motion in the plaintiff's decedent's left knee and left shoulder were unrelated to the subject accident failed to address positive findings on MRIs taken approximately one month after the subject accident showing a linear meniscal tear in the left knee and a partial tear of the distal, supraspinatus tendon in the left shoulder (*see Jeffers v Style Tr. Inc.*, 99 AD3d 576 [2012]). Accordingly, since the defendants failed to meet their prima facie burden of showing that the plaintiff's decedent did not sustain a serious injury to his left shoulder and left knee under the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102 (d) as a result of the subject accident, we deny, on the merits, that branch of the defendants' motion which was for summary judgment dismissing the complaint on the ground that the plaintiff's decedent did not sustain a serious injury as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Garbutt v United Parcel Serv.*, 131 AD3d 444 [2015]). Rivera, J.P., Chambers, Roman and Brathwaite Nelson, JJ., concur.