Baker v City of White Plains (2019 NY Slip Op 01382)





Baker v City of White Plains


2019 NY Slip Op 01382


Decided on February 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
RUTH C. BALKIN
JOSEPH J. MALTESE
BETSY BARROS, JJ.


2016-08016
 (Index No. 67962/12)

[*1]Ulan Baker, appellant, 
v
City of White Plains, et al., respondents.


Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY (Brian J. Isaac, Jillian Rosen, and Brianna Walsh of counsel), for appellant.
Hodges Walsh & Messemer, LLP, White Plains, NY (Paul E. Svensson and Michael Burke of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Westchester County (Mary H. Smith, J.), dated July 27, 2016, which, after a jury trial, the denial of the plaintiff's motion pursuant to CPLR 4401 for judgment as a matter of law, a jury verdict in favor of the defendants City of White Plains, City of White Plains Police Department, and Mark Burnett on the issue of liability, and the denial of the plaintiff's motion pursuant to CPLR 4404 to set aside the verdict as against the weight of the evidence and for a new trial, is in favor of the defendants and against the plaintiff.
ORDERED that the judgment is affirmed, with costs.
The plaintiff allegedly was injured while a passenger in a vehicle that was struck from behind by a City of White Plains police vehicle driven by the defendant Mark Burnett, a police officer. Burnett testified that, at the time of the accident, he was driving his vehicle in excess of the speed limit, with the lights and siren engaged, while in pursuit of a suspect in another vehicle. When the suspect's vehicle changed lanes, Burnett attempted to follow, but was prevented by the sudden appearance, on his right side, of the vehicle in which the plaintiff was riding. Burnett was unable to avoid colliding with that vehicle.
The driver of an authorized emergency vehicle engaged in an emergency operation is exempt from certain traffic laws under Vehicle and Traffic Law § 1104 (see Criscione v City of New York, 97 NY2d 152, 156; see also Kabir v County of Monroe, 16 NY3d 217). The manner in which a police officer operates his or her vehicle in an emergency situation may not form the basis for civil liability to an injured third party unless the officer acted with reckless disregard for the safety of others (see Vehicle and Traffic Law § 1104 [e]; Saarinen v Kerr, 84 NY2d 494, 501; Quintana v Wallace, 95 AD3d 1287). "The reckless disregard' standard requires proof that the officer intentionally committed an act of an unreasonable character in disregard of a known or obvious risk that was so great as to make it highly probable that harm would follow" (Ferrara v Village of Chester, 57 AD3d 719, 720; see Campbell v City of Elmira, 84 NY2d 505, 510; Saarinen v Kerr, 84 NY2d at 494; Hemingway v City of New York, 81 AD3d 595, 595-596; Daly v County of Westchester, 63 AD3d 988, 989).
Here, the trial evidence established that Burnett was engaged in an emergency operation at the time of the collision (see Vehicle and Traffic Law § 114-b), and that Burnett's conduct did not rise to the level of reckless disregard for the safety of others (see Saarinen v Kerr, 84 NY2d at 501; Rincon v Dusenbury, 106 AD3d 974, 974-975; Hemingway v City of New York, 81 AD3d at 595-596). Thus, we agree with the Supreme Court's denial of the plaintiff's motion pursuant to CPLR 4401 for a directed verdict.
In addition, a jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence (see Lolik v Big V Supermarkets, 86 NY2d 744, 746). "It is for the jury to make determinations as to the credibility of the witnesses, and great deference in this regard is accorded to the jury, which had the opportunity to see and hear the witnesses" (Exarhouleas v Green 317 Madison, LLC, 46 AD3d 854, 855; see Ahr v Karolewski, 48 AD3d 719). Here, contrary to the plaintiff's contention, the verdict was supported by a fair interpretation of the evidence (see Lolik v Big V Supermarkets, 86 NY2d at 746).
RIVERA, J.P., BALKIN, MALTESE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court