Wynter v City of New York (2019 NY Slip Op 04993)





Wynter v City of New York


2019 NY Slip Op 04993


Decided on June 19, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 19, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
MARK C. DILLON
SHERI S. ROMAN
COLLEEN D. DUFFY, JJ.


2018-03746
 (Index No. 100990/14)

[*1]Sharon Wynter, et al., plaintiffs-appellants, et al., plaintiffs, 
v
City of New York, et al., respondents, Delroy Slater, etc., et al., defendants-appellants.


Drabkin & Margulies, Mineola, NY (Robert Margulies and Pollack Pollack Isaac & DeCicco [Brian J. Isaac], of counsel), for plaintiffs-appellants.
Picciano & Scahill, P.C., Bethpage, NY (Andrea E. Ferrucci of counsel), for defendants-appellants.
Zachary W. Carter, Corporation Counsel, New York, NY (Jane L. Gordon and Elizabeth I. Freedman of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs Sharon Wynter and Carolyn Wynter appeal, and the defendants Delroy Slater, as administrator of the estate of Delroy Henry, and Celia Brady separately appeal, from an order of the Supreme Court, Richmond County (Thomas P. Aliotta, J.), dated February 8, 2018. The order, insofar as appealed from by the plaintiffs Sharon Wynter and Carolyn Wynter, granted that branch of the motion of the defendants City of New York, New York City Fire Department, and Jason Wisniewski which was for summary judgment dismissing the amended complaint insofar as asserted against them. The order, insofar as appealed from by the defendants Delroy Slater, as administrator of the estate of Delroy Henry, and Celia Brady, granted that branch of the motion of the defendants City of New York, New York City Fire Department, and Jason Wisniewski which was for summary judgment dismissing all cross claims insofar as asserted against them.
ORDERED that the order is reversed, on the law, with one bill of costs payable to the appellants, and the motion of the defendants City of New York, New York City Fire Department, and Jason Wisniewski for summary judgment dismissing the amended complaint and all cross claims insofar as asserted against them is denied.
At approximately 12:20 p.m. on November 29, 2013, a New York City Fire Department ambulance operated by the defendant Jason Wisniewski and a vehicle operated by Delroy Henry and owned by the defendant Celia Brady (hereinafter the Henry vehicle) came into contact at the intersection of Narrows Road North and Hylan Boulevard in Staten Island. The plaintiff Sharon Wynter was sitting in the front passenger seat of the Henry vehicle, and her daughter, the plaintiff Carolyn Wynter, was sitting behind her. In June 2014, Sharon Wynter, Carolyn Wynter, and others (hereinafter collectively the plaintiffs) commenced this personal injury action against the City of New York, the New York City Fire Department (hereinafter the Fire Department), Wisniewski, Henry, and Brady. Henry subsequently died for reasons unrelated to the [*2]accident. In November 2015, the plaintiffs filed an amended summons and amended complaint against the City, the Fire Department, Wisniewski, Brady, and Delroy Slater, as administrator of Henry's estate.
After discovery, the City, the Fire Department, and Wisniewski (hereinafter collectively the municipal defendants) moved for summary judgment dismissing the amended complaint and all cross claims insofar as asserted against them. In an order dated February 8, 2018, the Supreme Court granted the motion. Sharon Wynter and Carolyn Wynter (hereinafter together the Wynter plaintiffs) appeal from so much of the order as granted that branch of the municipal defendants' motion which was for summary judgment dismissing the amended complaint insofar as asserted against them. Slater and Brady separately appeal from so much of the order as granted that branch of the municipal defendants' motion which was for summary judgment dismissing all cross claims insofar as asserted against them.
A driver who enters an intersection against a red traffic light in violation of Vehicle and Traffic Law § 1110(a) is negligent as a matter of law (see Napolitano v Sanderson, 167 AD3d 1024; Jian-Hong Chen v Heart Tr., Inc., 143 AD3d 945, 946; Joaquin v Franco, 116 AD3d 1009, 1010). Here, in support of their motion, the municipal defendants submitted the transcripts of the deposition testimony of various witnesses, including Wisniewski, his coworker Alan Hurtado, and the Wynter plaintiffs. These submissions provided conflicting evidence as to the facts surrounding the accident and failed to establish, prima facie, the municipal defendants' entitlement to judgment as a matter of law (see Matias v Bello, 165 AD3d 642, 643). Specifically, the municipal defendants failed to eliminate all triable issues of fact regarding whether the ambulance entered the intersection with the traffic light in its favor, and whether Henry's alleged failure to yield the right-of-way was the sole proximate cause of the accident (see Napolitano v Sanderson, 167 AD3d 1024; Fauvell v Samson, 61 AD3d 714). Thus, the municipal defendants failed to establish, prima facie, that under principles of ordinary negligence, Wisniewski was not at fault in the happening of the accident (see Reid v City of New York, 148 AD3d 739).
In addition, while the reckless disregard standard of care in Vehicle and Traffic Law § 1104(e) applies to a driver of an authorized emergency vehicle involved in an emergency operation, who engages in specific conduct exempted from the rules of the road by Vehicle and Traffic Law § 1104(b), the exemptions apply only when the authorized emergency vehicle sounded audible signals such as a siren and displayed at least one red light (see Vehicle and Traffic Law § 1104[c]). Here, the municipal defendants failed to establish, prima facie, their entitlement to judgment as a matter of law under the reckless disregard standard of care, as they did not demonstrate that the siren and lights on the ambulance were activated as required for the exemptions set forth in Vehicle and Traffic Law § 1104(b) to apply (see Bonafede v Bonito, 145 AD3d 842, 843; Bryan v City of Long Beach, 138 AD3d 774; Shalom v East Midwood Volunteer Ambulance Corp., 138 AD3d 724, 726; Pollack v Maimonides Med. Ctr., 136 AD3d 1008, 1009; Ryan v Town of Riverhead, 117 AD3d 707, 710).
The parties' remaining contentions are without merit.
Since the municipal defendants failed to meet their prima facie burden, the Supreme Court should have denied their motion for summary judgment dismissing the amended complaint and all cross claims insofar as asserted against them, regardless of the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853; Reid v City of New York, 148 AD3d at 740).
RIVERA, J.P., DILLON, ROMAN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court