Jobson v SM Livery, Inc. (2019 NY Slip Op 06759)





Jobson v SM Livery, Inc.


2019 NY Slip Op 06759


Decided on September 25, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 25, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
LEONARD B. AUSTIN
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX, JJ.


2018-04653
 (Index No. 503751/16)

[*1]Emma Jobson, respondent-appellant, 
v
SM Livery, Inc., et al., appellants-respondents, City of New York, et al., respondents.


Baker, McEvoy, Morrissey & Moskovits, P.C. (Marjorie E. Bornes, Brooklyn, NY, of counsel), for appellants-respondents.
Mallilo & Grossman, Flushing, NY (Francesco Pomara, Jr., of counsel), for respondent-appellant.
Georgia M. Pestana, Acting Corporation Counsel, New York, NY (Jane L. Gordon and Daniel Matza-Brown of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants SM Livery, Inc., and Martin Cohen appeal, and the plaintiff cross-appeals, from an order of the Supreme Court, Kings County (Paul Wooten, J.), dated November 17, 2017. The order, insofar as appealed from, granted the motion of the defendants City of New York, New York City Fire Department, and Scott Colquhoun for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. The order, insofar as cross-appealed from, granted that branch of the motion of the defendants City of New York, New York City Fire Department, and Scott Colquhoun which was for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the appeal from so much of the order as granted that branch of the motion of the defendants City of New York, New York City Fire Department, and Scott Colquhoun which was for summary judgment dismissing the complaint insofar as asserted against them is dismissed, as the defendants SM Livery, Inc., and Martin Cohen are not aggrieved by that portion of the order (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144, 156-157); and it is further,
ORDERED that the order is affirmed insofar as reviewed on the appeal and insofar as cross-appealed from; and it is further,
ORDERED that one bill of costs is awarded to the defendants City of New York, New York City Fire Department, and Scott Colquhoun, payable by the appellants-respondents and the respondent-appellant appearing separately and filing separate briefs.
On June 3, 2015, the plaintiff allegedly sustained injuries when a fire truck owned by the defendants City of New York and New York City Fire Department and operated by the defendant firefighter Scott Colquhoun (hereinafter collectively the City defendants) collided with a livery vehicle, in which the plaintiff was a passenger, at an intersection in Brooklyn. The plaintiff [*2]commenced this action against the City defendants and the defendants SM Livery, Inc., and Martin Cohen, the owner and operator, respectively, of the livery vehicle (hereinafter together the Livery defendants), to recover damages for personal injuries. The City defendants subsequently moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, arguing that they could not be held liable because Colquhoun did not act in reckless disregard for the safety of others. The Supreme Court granted the motion. The Livery defendants appeal, and the plaintiff cross-appeals.
"The manner in which an authorized emergency vehicle is operated in an emergency situation may not form the basis for civil liability unless the driver acted in reckless disregard for the safety of others" (Woodard v Thomas, 77 AD3d 738, 739; see Vehicle and Traffic Law § 1104[e]). "This standard requires proof that the driver intentionally committed an act of an unreasonable character, while disregarding a known or obvious risk that was so great as to make it highly probable that harm would follow" (Bryan v City of Long Beach, 138 AD3d 774, 775; see Shalom v East Midwood Volunteer Ambulance Corp., 138 AD3d 724, 725-726; Quintana v Wallace, 95 AD3d 1287, 1287).
Here, the City defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that Colquhoun was engaged in an emergency operation at the time of the collision (see Vehicle and Traffic Law § 114-b; Criscione v City of New York, 97 NY2d 152, 158), and that Colquhoun's conduct did not rise to the level of reckless disregard for the safety of others (see Rincon v Dusenbury, 106 AD3d 974, 975; Mouzakes v County of Suffolk, 94 AD3d 829, 830). The City defendants' submissions demonstrated that the fire truck's emergency lights and siren were activated and that Colquhoun either stopped or slowed sufficiently before entering the intersection (see Hemingway v City of New York, 81 AD3d 595, 596; Woodard v Thomas, 77 AD3d at 739; Daniels v City of New York, 28 AD3d 415, 416). In opposition, the plaintiff and the Livery defendants failed to raise a triable issue of fact (see Hemingway v City of New York, 81 AD3d at 596; Woodard v Thomas, 77 AD3d at 740).
Further, contrary to the contentions of the plaintiff and the Livery defendants, the City defendants' motion was not premature, as the plaintiff and the Livery defendants had ample opportunity to pursue discovery, but did not do so. Further, they "failed to offer an evidentiary basis to suggest that [further] discovery may lead to relevant evidence" (Conte v Frelen Assoc., LLC, 51 AD3d 620, 621; see Woodard v Thomas, 77 AD3d at 740; Lopez v WS Distrib., Inc., 34 AD3d 759, 760). "The mere hope or speculation that evidence sufficient to defeat a motion for summary judgment may be uncovered' by further discovery is an insufficient basis for denying the motion" (Woodard v Thomas, 77 AD3d at 740, quoting Lopez v WS Distrib., Inc., 34 AD3d at 760).
Accordingly, we agree with the Supreme Court's determination to grant the City defendants' motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.
SCHEINKMAN, P.J., AUSTIN, COHEN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court