Wong v City of New York (2020 NY Slip Op 02650)





Wong v City of New York


2020 NY Slip Op 02650


Decided on May 6, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 6, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2018-14176
 (Index No. 518716/16)

[*1]Katherine Wong, plaintiff,
v
City of New York, et al., respondents, Qamar Abbas, appellant.


Nancy L. Isserlis (Saretsky Katz & Dranoff, LLP, New York, NY [Ashley S. Rajakaruna], of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York, NY (Jane L. Gordon and Elizabeth I. Freedman of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Qamar Abbas appeals from an order of the Supreme Court, Kings County (Katherine A. Levine, J.), dated October 26, 2018. The order granted the motion of the defendants City of New York, New York City Police Department, and Tina Trotta for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.
ORDERED that the appeal from so much of the order as granted that branch of the motion of the defendants City of New York, New York City Police Department, and Tina Trotta which was for summary judgment dismissing the complaint insofar as asserted against them is dismissed, as the defendant Qamar Abbas is not aggrieved by that portion of the order (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144, 156-157); and it is further,
ORDERED that the order is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the defendants City of New York, New York City Police Department, and Tina Trotta, payable by the defendant Qamar Abbas.
On September 18, 2015, the plaintiff, a New York City police officer, was sitting in the front passenger seat of a marked police vehicle which was being operated by her partner, the defendant police officer Tina Trotta. The police vehicle came into contact with a vehicle operated by the defendant Qamar Abbas at the intersection of Atlantic Avenue and Logan Street in Brooklyn. The two vehicles were traveling in the opposite direction on Atlantic Avenue, and the impact occurred as Trotta attempted to make a left turn onto Logan Street to pursue a vehicle that had made a left turn after the turn signal had changed to red. The plaintiff subsequently commenced this action against the defendants City of New York, New York City Police Department, Tina Trotta (hereinafter collectively the municipal defendants), and Qamar Abbas. The municipal defendants moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, arguing, inter alia, that Trotta did not operate the emergency vehicle in reckless [*2]disregard for the safety of others. The Supreme Court granted the motion. Abbas appeals.
"The manner in which an authorized emergency vehicle is operated in an emergency situation may not form the basis for civil liability unless the driver acted in reckless disregard for the safety of others" (Woodard v Thomas, 77 AD3d 738, 739; see Vehicle and Traffic Law § 1104[e]). "This standard requires proof that the driver intentionally committed an act of an unreasonable character, while disregarding a known or obvious risk that was so great as to make it highly probable that harm would follow" (Bryan v City of Long Beach, 138 AD3d 774, 775; see Meade v Chestnut, 53 AD3d 645, 646).
Here, the municipal defendants established their entitlement to judgment as a matter of law by demonstrating, prima facie, that Trotta's conduct in operating the police vehicle did not rise to the level of reckless disregard for the safety of others (see generally Frezzell v City of New York, 24 NY3d 213; Saarinen v Kerr, 84 NY2d 494). In opposition, Abbas failed to raise a triable issue of fact. Accordingly, we agree with the determination of the Supreme Court to grant that branch of the municipal defendants' motion which was for summary judgment dismissing all cross claims insofar as asserted against them.
DILLON, J.P., DUFFY, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court